Beverly SCOTT, Plaintiff,

v.

SCHOOL DISTRICT NO. 6, Fremont County, Wyoming, Defendant.

No. 92–CV–0154–B.

United States District Court,
D. Wyoming.

March 4, 1993.

Patrick E. Hacker, Cheyenne, WY, for plaintiff.

Tracy J. Copenhaver, Esq. Copenhaver, Kath and Kitchen, Powell, WY, for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

BRIMMER, District Judge.

This matter comes before the Court on February 25, 1993. The Court, having considered the materials on file both in support of and in opposition to the motion, having considered the arguments of counsel, and being fully advised in the premises, FINDS and ORDERS as follows:

## BACKGROUND

Plaintiff Beverly Scott ("Scott") was a science teacher for defendant Fremont County School District ("the district") for ten years prior to her employment being terminated. Plaintiff was a continuing contract teacher and had a property interest in her continuing employment. Under state law, the district was obligated to provide plaintiff with written notice of her proposed termination of employment, and to give plaintiff a pretermination hearing.

Plaintiff asserts that the Board of Trustees made their decision to terminate her employment, and to reassign her classes prior to her pretermination hearing. Plaintiff contends that the pretermination hearing was not fair and impartial [1], and that the district failed to show cause for terminating her employment. Plaintiff argues that she should have been retained under the district's own guidelines (Policy GCPA ¶ 5).

Plaintiff brings the following claims:

I. 42 U.S.C. § 1983—Plaintiff claims that the defendant, acting pursuant to the color of state law, deprived her of a property interest without due process.

II. Pendent state contract claim—Plaintiff asserts that Wyoming Statutes incorporate school district policy as specific terms of a continuing contract for a teacher's employment. The statutes provide that a continuing contract teacher can only be terminated for "good cause." Plaintiff asserts that there was no good cause to terminate her employment.

### Standard of Review

"By its very terms, [the Rule 56(c)] standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original).

The trial court decides which facts are material as a matter of law. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S.Ct. at 2510; *see also Carey v. United States Postal Service*, 812 F.2d 621, 623 (10th Cir.1987). In considering a party's motion for summary judgment, the court must examine all evidence in the light most favorable to the nonmoving party. *Barber v. General Elec. Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir.1981).

Summary judgment may be entered "against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Carey*, 812 F.2d at 623. The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Carey*, 812 F.2d at 623.

## DISCUSSION

Defendant Fremont County School District moves for partial summary judgment on plaintiff's contract claim. Defendant argues that the federal district court cannot exercise pendent jurisdiction over plaintiff's contract claim, which it contends can only be brought in state district court pursuant to the provisions of the Wyoming Governmental Claims Act. WYO.STAT. §§ 1–39–101 to 1–39–120 (1988).

Defendant's argument is based on the doctrine of sovereign immunity, WYO. CONST. ART. 1 § 8, and the language of WYO.STAT. § 1–39–117 (1988). Sovereign immunity developed in English common law from the concept that the King can do no wrong. *See Jivelekas v. City of Worland*, 546 P.2d 419, 424 (Wyo.1976); David Minge, *Governmental Immunity from Damage Actions in Wyoming*, VII LAND & WATER L.REV. No. 1 at 229, No. 2 at 617 (1972). The doctrine of

---

1. At the hearing, the board refused to allow evidence pertaining to the comparative qualifications and evaluations of Scott and her replacement, Mr. VanDenBos.

sovereign immunity was carried over from English common law to the United States, but in the early 1970's the doctrine came under increasingly hostile attack by courts and commentators. Lawrence J. Wolfe, Comment, *Wyoming's Governmental Claims Act: Sovereign Immunity With Exceptions—A Statutory Analysis*, XV LAND & WATER L.REV. No. 2 at 619 (1980).

In 1978, the Wyoming Supreme Court abrogated sovereign immunity, which had been judicially conferred, for counties, municipal corporations, school districts, and other subdivisions of government. *Oroz v. Board of County Commissioners of the County of Carbon*, 575 P.2d 1155, 1158 (Wyo.1978).[2] The court referred to the rule of governmental immunity for tort as "an anachronism, without rational basis [that has] existed only by the force of inertia." *Id. citing Muskopf v. Corning Hospital District*, 55 Cal.2d 211, 11 Cal.Rptr. 89, 92, 359 P.2d 457, 460 (1961).

In 1979, the Wyoming legislature enacted the Governmental Claims Act, which became effective on July 1, 1979. 1979 WYO.SESS. LAWS. CH. 157, § 8. The legislature reasserted sovereign immunity under WYO.STAT. § 1–39–104, which provides that: "A governmental entity and its public employees while acting within the scope of duties are granted immunity from liability for any tort except as provided by W.S. 1–39–105 through 1–39–112...." The legislature chose a "close-ended" statutory scheme, "which reasserts governmental immunity but waives the immunity for certain enumerated exceptions."[3] Lawrence J. Wolfe, Comment, *Wyoming's Governmental Claims Act: Sovereign Immunity With Exceptions—A Statutory Analysis*, XV LAND & WATER L.REV. No. 2, 619, 622–23 (1980).

■ With this in mind, the Court turns to the specifics of defendant's argument. Defendant begins with WYO. CONST. ART. 1 § 8 which states in pertinent part that: "Suits may be brought against the state in such manner and in such courts as the legislature may by law direct." (emphasis added). Defendant next turns to the Wyoming Governmental Claims Act noting that the defendant school district is a governmental entity as defined in the act. WYO.STAT. § 1–39–103(a)(i), (ii). Next, the defendant turns to WYO.STAT. § 1–39–117 which provides:

(a) Original and **exclusive** jurisdiction for **any claim** under this act shall be in the district courts of Wyoming. Appeals may be taken as provided by law. (emphasis added).

The defendant concludes (1) that "any claims," including breach of contract claims, which are brought pursuant to the Wyoming Governmental Claims Act must be brought in state district court; (2) that federal district courts have no power to hear Wyoming Governmental Claims Act cases; and (3) that a claim brought pursuant to the Wyoming Governmental Claims Act in federal district court is barred by sovereign immunity because the state has only consented to suit in state district court. This Court is not persuaded.

Initially, the Court notes that the same paragraph of the Wyoming Governmental Claims Act which reasserts sovereign immunity, specifically makes an exception for contract claims, such as the one asserted in this case. WYO.STAT. § 1–39–104 provides: "Any immunity in actions based on a contract entered into by a governmental entity is waived except to the extent provided by the contract if the contract was within the powers granted to the entity and was properly executed. The claims procedures of W.S. 1–39–113 apply to contractual claims against governmental entities." Thus, a governmental entity has no immunity from contract claims so long as the claims procedures in WYO.STAT. § 1–

---

2. The Wyoming Supreme Court did not address the state's immunity in *Oroz*. However, the Court later held that the state retained its immunity pursuant to WYO. CONST. ART. 1 § 8. *Worthington v. State*, 598 P.2d 796 (Wyo.1979).

3. Note, Wyoming's state legislature reasserted sovereign immunity and established procedures for bringing a claim under the Wyoming Governmental Claims Act. This sets the stage for a constitutional argument under the Supremacy

39–113 are followed.[4]

The jurisdiction for federal courts is defined by Article III of the United States Constitution, and by acts of Congress. 17 WRIGHT, MILLER AND COOPER, FEDERAL PRACTICE AND PROCEDURE § 4211 at 474 (2d ed. 1988). "In determining its own jurisdiction, a District Court of the United States must look to the sources of its power and not to acts of states which have no power to enlarge or to contract the federal jurisdiction." *Markham v. City of Newport News,* 292 F.2d 711, 713 (4th Cir.1961).

It used to be black-letter law that the jurisdiction of the federal courts cannot be limited or taken away by state statutes.[5] This is still generally true, but cannot be stated without qualification.[6] The exception is that federal district courts sitting in diversity have no jurisdiction if state law "closes the door" for state trial court jurisdiction over rights created by the state. *Woods v. Interstate Realty Co.,* 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949); *Angel v. Bullington,* 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947); *Teleco Inc. v. Southwestern Bell Tel. Co.,* 511 F.2d 949, 953 (10th Cir.1975) *cert. denied* 423 U.S. 875, 96 S.Ct. 145, 46 L.Ed.2d 106 (1975).

The question in this case, however, is whether the Wyoming legislature may confine suits against school districts, counties, cities, or other lesser governmental units to state courts, effectively depriving a federal court of its pendent jurisdiction.

Under the Eleventh Amendment the state itself is immune from suit in federal court unless it consents, and it can consent to suit in its own courts without waiving its Eleventh Amendment immunity. The Eleventh Amendment, however, does not apply to these lesser governmental units within a state, and it was once quite clearly settled that these bodies were suable in federal court, even though the state statutes creating them purported to limit suit to state court. This should still be the law today, and it was so held by the Fourth Circuit in a notable opinion.[7] The argument to the contrary is that the conformity to state law required in diversity cases by the Erie doctrine means that the federal court must honor a state statute that limits its waiver of tort immunity for governmental subdivisions only to suits brought in the state courts, or in a specialized state court.

The argument is unsound. Even if the federal diversity court must follow the lead of a state that has closed the doors of all of its courts to a particular class of litigant or claim, there is no justification for a rule that would bar from federal court a claim that can be heard in some state court....

State "door-closing" statutes may also shut the door to the federal court, and a state itself may limit its consent to suit to its own courts. Beyond this, however, it remains true that a state may not limit the jurisdiction of the federal courts.

---

Clause of the United State's Constitution which follows.

**4.** Plaintiff complied with these procedures when she served a governmental claim on the defendant on August 19, 1991.

**5.** *Railway Co. v. Whitton's Administrator,* 80 U.S. (13 Wall.) 270, 286, 20 L.Ed. 571 (1871) ("Whenever a general rule as to property or personal rights, or injuries to either, is established by State legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and the jurisdiction of the court, in such case, is not subject to State limitation."); *see also* DOBIE, FEDERAL JURISDICTION AND PROCEDURE, 336 (1928).

**6.** *Szantay v. Beech Aircraft Corp.,* 349 F.2d 60, 63 (4th Cir.1965) ("For many years it was generally understood that federal jurisdiction was not af-

fected by state statutes limiting the jurisdiction of their own courts. In recent years, however, this absolute approach has been modified. The change may be said to have begun with *Erie R. Co. v. Tompkins,* 304 U.S. 64 [58 S.Ct. 817, 82 L.Ed. 1188] (1938)....")

**7.** *Markham v. City of Newport News,* 292 F.2d 711, 718 (4th Cir.1961) ("It would be quite foreign to the Erie doctrine, however, to apply a state statute in such a way as to deny all relief in a federal court to a nonresident plaintiff on a cause of action which, clearly, the state courts would recognize and enforce. Erie requires that the federal court grant or withhold relief as the state courts would. It does not require relegation of the diversity jurisdiction to the mercies of the legislatures of fifty separate states.")

WRIGHT, MILLER AND COOPER, FEDERAL PRACTICE AND PROCEDURE § 4211 at 474 (2d ed. 1988).

■ It is settled that Eleventh Amendment immunity does not shield school districts from liability in Wyoming. *Stoddard v. Lincoln County School District No. 1,* 429 F.Supp. 890, 892 (D.Wyo.1977) *aff'd in part rev'd in part* 590 F.2d 829 (10th Cir.1979).[8] Because the Eleventh Amendment does not bar state law tort claims against school districts in federal court, a federal court may have diversity or pendent jurisdiction to hear the claims. The limited situation in diversity cases where the Erie doctrine requires conformity to state law, and the federal court has no jurisdiction to hear a case because the state has "closed the doors" of its own courts to hear the case does not apply here. First, the Court's jurisdiction is based on pendent or "supplemental jurisdiction" rather than diversity jurisdiction. Therefore, the Erie doctrine does not erode the federal court's jurisdiction in this case. Second, the state has not "closed the doors" of its own courts. Therefore, the Court finds that the limited exception to the general rule that the jurisdiction of the federal courts cannot be limited or taken away by state statutes does not apply to this case.

In addition, the Court has pendent jurisdiction or "supplemental jurisdiction"[9] in this case pursuant to 28 U.S.C. § 1367 (1992)[10] which provides:

> Except as provided in subsections (b) and (c) **or as expressly provided otherwise by Federal statute,** in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy

under Article III or the United States Constitution.... (emphasis added).

This provision grants supplemental jurisdiction to federal courts over claims that are part of the same case or controversy unless "provided otherwise by Federal statute." Section 1367 has no provision allowing a state to take away a federal court's supplemental jurisdiction.

Thus, the Court finds that WYO.STAT. § 1–39–117, which gives exclusive jurisdiction for any claim brought pursuant to the Wyoming Governmental Claims Act to state courts, is in direct conflict with 28 U.S.C. § 1367 (1992), which gives supplemental jurisdiction to federal district courts. The federal law must prevail. The Supremacy Clause of the United States Constitution, Article VI, provides that "[t]his Constitution, and the Laws of the United States ... shall be the supreme law of the land ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." The United States Supreme Court has stated that:

> Since the United States is a government of delegated powers, none of which may be exercised throughout the Nation by any one state, it is necessary for uniformity that the laws of the United States be dominant over those of any state. Such dominancy is required also to avoid a breakdown of administration through possible conflicts arising from inconsistent requirements.

*Mayo v. United States,* 319 U.S. 441, 63 S.Ct. 1137, 87 L.Ed. 1504 (1943); *see also McCulloch v. Maryland,* 4 Wheat. 316, 4 L.Ed. 579 (1819).

The United States District Court for the District of New Mexico reached the same conclusion under similar facts in *Wojciechowski v. Harriman,* 607 F.Supp. 631 (1985). Judge Baldock held that N.M. STAT.ANN.

---

**8.** "The characteristics of Wyoming school districts demonstrate that in Wyoming 'on balance ... a local school board ... is more like a county or city than it is like an arm of the State.' " *Id.* at 892.

**9.** Supplemental Jurisdiction combines what had been previously known as pendent jurisdiction and ancillary jurisdiction. 13B WRIGHT, MILLER,

COOPER, FEDERAL PRACTICE AND PROCEDURE § 3567 at 21 (2d ed. 1984 and supp. 1992).

**10.** The statute supersedes *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and *overrules Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989).

§ 41–4–18 (1982)[11], which conferred exclusive jurisdiction to the state district courts over tort claims brought against counties, municipalities and their officers was unconstitutional, and does not prevent a federal district court from hearing claims pursuant to its pendent jurisdiction.[12]

For these reasons, the Court finds that WYO.STAT. § 1–39–117, which purports to confine exclusive original jurisdiction for any claim under the Wyoming Governmental Claims Act to the district courts of Wyoming is unconstitutional to the extent that it limits supplemental jurisdiction of a federal district court over tort claims against school districts, counties, and municipalities, and other lesser governmental entities.

THEREFORE it is

ORDERED that plaintiff's motion for partial summary judgment on the state contract claim be, and the same is hereby DENIED.

---

11. N.M. STAT.ANN. § 41–4–18 provides that: "Exclusive original jurisdiction for any claim under the Tort Claims Act shall be in the district courts of New Mexico."

12. This case was decided prior to the enactment of 28 U.S.C. § 1367 (1992).