**Charles A. JACK and Victory M. Jack, Appellants (Plaintiffs),**

v.

**ENTERPRISE RENT–A–CAR CO. OF LOS ANGELES; and Donald Pfister, Appellees (Defendants).**

No. 94–230.

Supreme Court of Wyoming.

Aug. 4, 1995.

James A. Raymond of Brown & Raymond, P.C., Casper, for appellants.

Peter S. Dusbabek of Montgomery, Green, Jarvis, Kolodny & Markusson, P.C., Fort Collins, CO, for appellees.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellants Charles Jack and Victory Jack appeal from the district court's order which granted a summary judgment in favor of Appellee Enterprise Rent–A–Car Co. of Los Angeles and which dismissed the claims against Appellee Donald Pfister for lack of personal jurisdiction.

We affirm.

### Issues

The Jacks present the following issues for our review:

Was summary judgment properly entered in favor of Appellee Enterprise Rent–A–Car Company of Los Angeles?

A. Should Wyoming recognize automobiles as dangerous instrumentalities for which commercial owners bear liability when the automobile is negligently driven and/or should other public policy issues require similar liability?

B. Does the California statute imposing a statutory liability upon automobile owners for damages caused by their automobiles apply to an accident in Wyoming?

### Facts

The facts in this case are not disputed. On October 6, 1993, Rungsak Intarab rented a vehicle from Enterprise Rent–A–Car in Los Angeles, California, through its agent, Donald Pfister. The rental agreement prohibited operation of the vehicle outside the State of California and also prohibited anyone other than Intarab from driving the vehicle.

Intarab took the rented vehicle out of California and allowed Surachate Promkiree to drive it. While Promkiree was driving the vehicle in Johnson County, Wyoming, on October 8, 1993, the car crossed over from its lane of traffic and collided head on with the automobile driven by Charles Jack. Victory Jack was a passenger in the Jack vehicle. Intarab was killed in the accident, and the Jacks were injured. The policeman who investigated the accident reported that it had been snowing, that the bridge was icy, and that Promkiree had been driving too fast for the conditions.

The Jacks filed a complaint and thereafter an amended complaint in which they alleged, among other things, that Promkiree was negligent in operating the vehicle; that Enter-

prise Rent–A–Car was liable for Promkiree's negligent acts or omissions; that the automobile was a dangerous instrumentality; that Enterprise Rent–A–Car, as the owner of the vehicle, was liable for the injuries caused by the negligent operation of the vehicle; and that Enterprise Rent–A–Car negligently entrusted its vehicle to Intarab or Promkiree.

Enterprise Rent–A–Car moved to dismiss the Jacks' claims. The district court treated Enterprise Rent–A–Car's motion as being one for a summary judgment and granted it. Pfister filed a motion to dismiss for lack of personal jurisdiction, which the district court also granted.[1] This appeal followed.

### Standard of Review

■■■ Summary judgment is appropriate when no genuine issue as to any material fact exists and when the prevailing party is entitled to have a judgment as a matter of law. *Makinen v. PM P.C.,* 893 P.2d 1149, 1153 (Wyo.1995); *see also* W.R.C.P. 56(c). We examine the record from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. *Adkins v. Lawson,* 892 P.2d 128, 130 (Wyo.1995). We evaluate the propriety of a summary judgment by employing the same standards and by using the same materials as were employed and used by the lower court. *Id.*

No genuine issues as to any material fact were presented in this case; therefore, we must determine whether Enterprise Rent–A–Car was entitled to have a judgment as a matter of law. *Christensen v. Oedekoven,* 888 P.2d 228, 229 (Wyo.1995).

### Discussion

The Jacks contend that Wyoming should recognize automobiles as being dangerous instrumentalities and hold commercial owners/renters liable when their vehicles are negligently operated. The Jacks claim that public policy considerations support their contention. Enterprise Rent–A–Car argues that Wyoming should not adopt the danger-

ous instrumentality theory in the context of automobile liability. We agree with Enterprise Rent–A–Car.

We have previously considered the issue of whether an automobile should be viewed as being a dangerous instrumentality so as to make the owner vicariously liable for its negligent operation.

"When the automobile was new and strange, and was regarded with some wonder and considerable fear, there was a tendency to look upon it as a dangerous thing, fraught with such possibility for harm that the owner should always be held responsible for its use. When it commenced to take the place of the family horse, this view had to be abandoned. The notion, however, of general liability on the part of the owner for use of his car having been planted in the mind, it lingered there like a superstition. Courts were reluctant to ignore it, and as a result, an adaptation of the law of master and servant, and principal and agent, was resorted to, to explain the liability."

*Sare v. Stetz,* 67 Wyo. 55, 63–64, 214 P.2d 486 (1950) (quoting *Watkins v. Clark,* 103 Kan. 629, 176 P. 131, 131 (1918)). We also stated:

"An automobile is not so dangerous an agency as to make the owner liable for injuries caused by it to travelers on the highway, regardless of the agency of the driver. The owner of an automobile who merely permits another to use it for his own purposes is not liable for the negligence of the borrower in the use of the machine."

67 Wyo. at 64, 214 P.2d 486 (quoting *Arkin v. Page,* 287 Ill. 420, 123 N.E. 30, 31 (1919) (citations omitted)).

■■■ We considered the dangerous instrumentality argument again in *Wyrulec Company v. Schutt,* 866 P.2d 756 (Wyo.1993). In that case, we stated that a party who brings a dangerous instrumentality claim must still prove that the defendant was negligent. 866

---

1. The Jacks do not contend that the district court erred when it granted Pfister's motion to dismiss for lack of personal jurisdiction.

P.2d at 761. In rejecting the notion that absolute liability should be imposed, we said:

> [T]he standard of care is ordinary care under *all* of the circumstances.
>
> This is the standard of care regardless of whether a dangerous instrumentality is involved.

866 P.2d at 762 (emphasis in original). What constitutes ordinary care, however, increases as the danger increases. *Id.*

█ An automobile is not a dangerous instrumentality, and, unless the automobile's owner is negligent, we refuse to hold the owner vicariously liable for the negligent acts of the people who have been permitted to drive the vehicle. If public policy considerations support imposing responsibility on the automobile's owner for the carelessness of the persons who have been permitted to use the vehicle in pursuing their own affairs, "it is properly for the Legislature to determine that policy, and not for the courts to do so." *Sare,* 67 Wyo. at 72, 214 P.2d 486. *See also Finch v. Canaday,* 75 Wyo. 472, 491, 297 P.2d 594 (1956).

█ Since we have concluded that an automobile is not a dangerous instrumentality, we must now ascertain whether the Jacks can establish a prima facie case of negligence against Enterprise Rent–A–Car. *See Brooks v. Zebre,* 792 P.2d 196, 202 (Wyo.1990). The recognized elements in a claimant's prima facie case of negligence are: (1) a duty of reasonable care, (2) a breach of that duty, (3) proximate causation, and (4) damages. *Allmaras v. Mudge,* 820 P.2d 533, 541 (Wyo. 1991).

In these types of situations, we have historically applied the law of negligent entrustment as articulated in the RESTATEMENT (SECOND) OF TORTS.

> "1. 'One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject

to liability for physical harm resulting to them.' (Rest.Torts 2d, § 390.)"

*Moore v. Kiljander,* 604 P.2d 204, 206 (Wyo. 1979).

█ In Wyoming, to maintain a claim for negligent entrustment, factual evidence must exist which proves that the entruster knew, or should have known, of the user's incompetence to operate a vehicle. *Id.; Finch,* 75 Wyo. at 486, 297 P.2d 594. No such evidence exists here. The driver in the case at bar was not the person to whom Enterprise Rent–A–Car entrusted its vehicle. It is undisputed that it was Intarab who entrusted the vehicle to Promkiree. Enterprise Rent–A–Car had no reason to believe that Intarab was incapable of operating the vehicle safely, nor did Enterprise Rent–A–Car have any reason to believe that anyone other than Intarab would be driving the car. Indeed, if anyone was negligent in entrusting the vehicle to another, it was Intarab—not Enterprise Rent–A–Car. Because Enterprise Rent–A–Car did not owe a legal duty to the Jacks, a prima facie case of negligence could not be made. *Brooks,* 792 P.2d at 201. The trial court appropriately granted a summary judgment in favor of Enterprise Rent–A–Car.

The Jacks ask us to apply a California statute to this accident which imposes statutory liability upon automobile owners for damages caused by their automobiles. Enterprise Rent–A–Car argues that the California statute has no application in Wyoming.

> "It is thoroughly established as a general rule that the lex loci delicti, or the law of the place where the tort or wrong has been committed, is the law that governs and is to be applied with respect to the substantive phases of torts or the actions therefor, and determines the question of whether or not an act or omission gives rise to a right of action or civil liability for tort...."

*Ball v. Ball,* 73 Wyo. 29, 37, 269 P.2d 302 (1954) (quoting 15 C.J.S. *Conflict of Laws* § 12 at 897). *See also Duke v. Housen,* 589 P.2d 334, 342 (Wyo.), *cert. denied,* 444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979).

■ The accident occurred in Wyoming. In addition, the Jacks resided in Wyoming, the negligent operation of the vehicle occurred in Wyoming, and the damages were sustained in Wyoming. Wyoming law, therefore, was the governing substantive law which applied to this situation. The district court properly applied Wyoming law in this case.

*Conclusion*

We hold that the district court did not err when it granted a summary judgment in favor of Enterprise Rent–A–Car.

Affirmed.