Cynthia Ann KAHRS, Appellant (Plaintiff),

v.

The BOARD OF TRUSTEES FOR PLATTE COUNTY SCHOOL DISTRICT NO. 1, a body corporate and politic under the laws of the State of Wyoming, Appellee (Defendant).

No. 94–300.

Supreme Court of Wyoming.

Aug. 23, 1995.

Bruce S. Asay of Murane & Bostwick, Cheyenne, for appellant.

Tracy J. Copenhaver of Copenhaver, Kath & Kitchen, Powell, and Raymond B. Hunkins of Jones, Jones, Vine & Hunkins, Wheatland, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Cynthia Ann Kahrs appeals from the district court's order which granted a summary judgment in favor of Appellee Board of Trustees for Platte County School District No. 1.

We affirm.

## ISSUES

Kahrs presents the following issues on appeal:

Issue 1: Did the District Court err as a matter of law in holding that a prior administrative hearing precluded the Plaintiff's/Appellant's state causes of action?

A. Does the Plaintiff's claim of breach of contract survive the motion for summary judgment?

B. Does the Plaintiff's claim for the breach of the implied covenant of good faith and fair dealing survive the motion for summary judgment?

Issue 2: Did the Plaintiff/Appellant comply with the Governmental Claims Act?

## FACTS

Kahrs was employed by the school district as a continuing contract teacher. On April 4, 1990, the superintendent delivered a notice to Kahrs in which he recommended that she be discharged from her teaching position. The notice stated that Kahrs was entitled to have a hearing before the board. Kahrs requested that such a hearing be held.

A hearing was held before a hearing examiner and the board. Before the evidentiary portion of the hearing began, Kahrs's attorney subjected each board member to a voir dire examination. Kahrs did not object to any board member participating in the hearing. After the hearing was concluded, the board entered findings of fact, conclusions of law, and an order in which it determined that good cause existed for the termination of Kahrs's employment. Kahrs did not appeal to the state district court.

Kahrs filed an action in the United States District Court for the District of Wyoming. She asserted claims against the board for breach of her employment contract, violation of her due process rights, age discrimination, and handicap discrimination. The federal district court entered a summary judgment in favor of the board which resolved all the federal issues involved in the lawsuit. The federal district court specifically denied Kahrs's due process and discrimination claims. After dismissing all Kahrs's federal

claims, the federal district court ruled that it did not have pendent jurisdiction over her state law claims and dismissed them without prejudice.

Kahrs filed a lawsuit in the state district court. In that suit, she presented claims for breach of her employment contract and/or promissory estoppel, negligent infliction of emotional distress, and breach of the implied duty of good faith and fair dealing. The board filed a motion for a summary judgment, claiming that (1) Kahrs's action was barred under the collateral estoppel doctrine, (2) Kahrs failed to comply with the Wyoming Governmental Claims Act, (3) Kahrs failed to allege any facts which would support a claim for negligent infliction of emotional distress, and (4) Kahrs could not maintain a claim for breach of the implied duty of good faith and fair dealing. After holding a hearing on the motion, the district court granted a summary judgment in favor of the board. Kahrs appealed to this Court.[1]

## DISCUSSION

■ Summary judgment is appropriate when no genuine issue as to any material fact exists and when the prevailing party is entitled to have a judgment as a matter of law. *Makinen v. PM P.C.*, 893 P.2d 1149, 1153 (Wyo.1995); *see also* W.R.C.P. 56(c). We examine the record from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. *Adkins v. Lawson*, 892 P.2d 128, 130 (Wyo.1995). We accord no deference to the district court's decisions on issues of law. *Halpern v. Wheeldon*, 890 P.2d 562, 564 (Wyo.1995).

The district court decided that, under the collateral estoppel doctrine, Kahrs could not maintain her action in the state district court because she was precluded from relitigating the issues which the board had previously decided. Kahrs argues that the collateral estoppel doctrine does not bar her action.

■ This Court has held that both the res judicata doctrine and the collateral estoppel doctrine apply to final adjudicative determinations which have been rendered by administrative tribunals. *Slavens v. Board of County Commissioners for Uinta County*, 854 P.2d 683, 685 (Wyo.1993). The collateral estoppel doctrine is otherwise known as the "issue preclusion" doctrine. *RKS v. SDM*, 882 P.2d 1217, 1221 (Wyo.1994). We have opined that, since administrative agency decisions deal primarily with issues rather than with causes of action or claims, collateral estoppel is the appropriate preclusion doctrine to be applied to final administrative agency decisions. *Slavens*, 854 P.2d at 686. The collateral estoppel doctrine prevents relitigation of issues which were involved actually and necessarily in a prior action between the same parties. *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.*, 896 P.2d 769, 772 (Wyo.1995).

■ Courts should consider four factors in determining whether the collateral estoppel doctrine applies:

(1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Slavens*, 854 P.2d at 686 (emphasis in original).

■ This case is very similar to the *Slavens* case. Kahrs, like the plaintiffs in *Slavens*, would be able to recover under her remaining claims (breach of contract and/or promissory estoppel and breach of the implied covenant of good faith and fair dealing) only if the courts were to rule that the termination of her employment was improper. *Id.* The propriety of the termination was directly at issue in the hearing held before the hearing examiner and the board. Consequently, the issues which were present-

---

1. Kahrs does not argue on appeal that the district court erred when it granted a summary judgment on her negligent-infliction-of-emotional-distress claim.

ed in the hearing and in this lawsuit were identical. The board reached a final decision on the merits when it found that good cause existed for the termination of Kahrs's employment. Kahrs did not appeal to the state district court for a judicial review of that final decision. The board and Kahrs were parties to the administrative proceeding and are parties to this lawsuit. Kahrs had a full and fair opportunity during the hearing to litigate the propriety of the termination. She was allowed to present evidence and to dispute the evidence which had been presented in support of her employment being terminated. Indeed, the federal district court specifically found that "the notice and opportunity to be heard provided to the plaintiff more than adequately fulfilled the requirements of due process, and that plaintiff received the kind of fair and impartial hearing guaranteed by Wyoming law." That finding has a preclusive effect. *See Sandstrom v. Sandstrom,* 880 P.2d 103, 106–07 (Wyo.1994). Therefore, all the requirements for the application of the collateral estoppel doctrine were satisfied in this case, and the district court properly ruled that Kahrs was precluded from bringing this action in the state district court.

We are particularly mindful of the fact that Kahrs did not appeal to the state district court for a judicial review of the board's decision to terminate her employment. As a continuing contract teacher, Kahrs was required to follow the statutory procedure for contesting the termination. Her failure to seek a full judicial review of the board's decision prohibited her from instituting any subsequent action in the matter. *Slavens,* 854 P.2d at 686–87; *see also Joelson v. City of Casper, Wyoming,* 676 P.2d 570, 572–73 (Wyo.1984).

Kahrs argues that the collateral estoppel doctrine cannot apply to the board's decision

in this case because the board did not have the authority to determine its own liability for the tort and breach-of-contract claims which she presented in the state district court action. Kahrs relies on the Wyoming Governmental Claims Act as being authority for her argument. She points out that WYO. STAT. § 1–39–117(a) (1988) states in pertinent part: "Original and exclusive jurisdiction for any claim under [the Wyoming Governmental Claims Act] shall be in the district courts of Wyoming."

Kahrs misunderstands how the collateral estoppel doctrine applies in this case. She may not relitigate the dispositive issue of whether or not good cause existed for the termination of her employment. The board had not only the authority to decide whether or not the termination was justified but also a statutory responsibility to decide that question. WYO.STAT. §§ 21–7–106 (1992) (amended 1993), –108 (1992) (repealed 1993), –110 (1992) (amended 1993); *see also Brasel & Sims Construction Co., Inc. v. State Highway Commission of Wyoming,* 655 P.2d 265 (Wyo.1982).[2] Kahrs will not be allowed to relitigate the termination issue simply because she styled her claims as being governmental claims.

■ Kahrs also asserts that, under Article 1, Sections 6 (due process) and 35 (impairment of contractual obligations) of the Wyoming Constitution, "an individual has a right to contract and once established, that contractual obligation cannot be extinguished without due process of law." Kahrs specifically contends that her constitutional rights were violated because the board did not act as an unbiased and impartial tribunal when it conducted the contested case hearing. She argues that the board was biased because it had a pecuniary interest in the outcome of the hearing.

---

2. Kahrs relies on several unpublished federal district court orders as being legal precedent for her contention that the board did not have authority to decide this matter. Those cases were significantly different than this case and are not persuasive authority: *Frost v. School District No. 1, Sweetwater County, Wyoming,* No. 91–CV–0206–B (D.Wyo. May 6, 1992) (no full and fair opportunity to litigate); *Hill v. Goshen County School District No. 1,* No. 92–CV–0302–B (D.Wyo. Sept.

14, 1993) (reduction in force); *Fernow v. Board of Trustees for Washakie County School District No. 2,* No. 93–CV–0169–J (D.Wyo. June 3, 1994) (bias shown in voir dire of school board members). Kahrs also cites *Scott v. School District No. 6,* 815 F.Supp. 424 (D.Wyo.1993), as being authority for her contention. *Scott* is not in point because it does not discuss a collateral estoppel issue.

Kahrs was precluded from relitigating this issue in the state district court because the federal district court had finally and conclusively decided the issue in the earlier litigation. *See Sandstrom,* 880 P.2d at 106–07. The federal district court expressly stated that Kahrs's "counsel had a full and fair opportunity to inquire into the [b]oard member[s'] bias and the effect of the board's special session; and counsel did, in fact, conduct voir dire questioning. Each member questioned indicated that [he] would be open-minded, and counsel failed to object on bias or prejudice grounds."

Kahrs maintains that she had the right under the provisions of W.R.A.P. 12.12 to bring an independent action in the state district court for the recovery of money. W.R.A.P. 12.12 provides:

The relief, review, or redress available in suits for injunction against agency action or enforcement, in actions for recovery of money, in actions for a declaratory judgment based on agency action or inaction, in actions seeking any common law writ to compel, review or restrain agency action shall be available by independent action notwithstanding any petition for review.

This Court previously rejected Kahrs's position when we stated: "W.R.A.P. 12.12 is not an exception to the doctrine of collateral estoppel." *Slavens,* 854 P.2d at 687. We do not see any reason in this case to depart from our earlier precedent. Since we have determined that the collateral estoppel doctrine precluded Kahrs from maintaining her state district court action, we do not need to decide whether Kahrs complied with the Wyoming Governmental Claims Act. *See Slavens,* 854 P.2d at 687.

The board argues that it is entitled to receive the maximum fees and costs available to it as a prevailing party under W.R.A.P. 10.05 because a reasonable cause did not exist for Kahrs's appeal. Since we are persuaded that a reasonable cause did exist, we refuse to make the necessary certification and, therefore, deny the board's request. *See Smith v. Smith,* 863 P.2d 624, 626 (Wyo. 1993); *Moore v. Lubnau,* 855 P.2d 1245, 1252 (Wyo.1993).

## CONCLUSION

We hold that the district court did not err by granting a summary judgment in favor of the board and that the board is not entitled to be awarded fees and costs pursuant to W.R.A.P. 10.05.

Affirmed.