Luanne DAVIS, Appellant (Plaintiff),

v.

The STATE of Wyoming; The Wyoming State Employees' and Officials' Group Insurance Board of Administration; and Great–West Life Assurance Company, Appellees (Defendants).

No. 95–135.

Supreme Court of Wyoming.

Jan. 9, 1996.

John E. Stanfield and Kathleen A. Hunt of Smith, Stanfield and Scott Law Offices, LLC, Laramie, for Appellant.

Terry L. Armitage, Cheyenne, for Appellees State and State Employees' and Officials' Group Ins. Bd. of Admin.

Patrick J. Murphy of Williams, Porter, Day & Neville, P.C., Casper, for Appellee Great–West Life Assur. Co.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Luanne Davis appeals from the summary judgment which was granted in favor of Appellees State of Wyoming and Wyoming State Employees' and Officials' Group Insurance Board of Administration and from the district court's order which granted Appellee Great–West Life Assurance Company's motion to dismiss and motion for a summary judgment.

We affirm.

### ISSUES

Davis presents a number of issues on appeal:

1. Is it constitutionally permissible to limit State employees to an administrative hearing as their sole remedy for benefits and dam[a]ges whenever their claim is denied by the State's self insur[ ]ance carrier and to prohibit access to the judicial system or eliminate their independent claims?

2. Was it error to grant a summary judgment and/or a motion to dismiss against Ms. Davis on any of the claims asserted in her Complaint?

3. Under the appropriate rule of review, did Ms. Davis allege a claim under the Americans with Disabilities Act which was not subject to a motion to dismiss?

4. For an administrative hearing to be given binding effect on any other rights or privileges or to be used for collateral estoppe[l] or res [ l]judicata purposes,[ ] must it be shown that the party sought to be estopped had a fair hearing and a fair opportunity to protect his interests? [T]o defend his/her interests?

5. Where an administrative tribunal lacks the power to grant certain remedies or relief on the basis of the tort remedies which are available to its policyholder because of the manner in which his/her claim was investigated, handled and denied—is it constitutionally permissible to make a hearing by that tribunal the sole remedy of a policyholder and to deny the policyholder all rights of access to the court and jury sy[ ]stem?

6. Was the conduct of The State and/or the Board and/[or] Great West such that the defense of collateral estoppel should be banned in this case for violation of one or more [ ]equitable maxims?

7[.] Did the trial court err in ruling that an unfair administrative hearing collaterally estopped Ms. Davis from pursuing any of her independent claims and remedies—including those which were never even considered in the administrative hea[r]ing and which were beyond the power of the tribunal to consider or deal with?

8[.] Should insurance law principles such as the rules of construction [and] the good faith/fair dealing tort cause of action be applied to the State's self insurance carrier to the same extent they are applied in the case of other insurance companies?

[9]. Should the State and/or the State Board and/or Great West be held liable for attorney fees under § 26–15–124?

[10]. Does the Doctrine of governmental immunity apply to and protect any of the Appellees from possible liability to Ms. Davis?

## FACTS

Davis, who was employed by the State of Wyoming, worked at the Coe Library on the University of Wyoming campus. She was covered under the State employees' group health care insurance plan. Great–West Life administered the insurance plan.

Davis suffered from cerebral palsy and arthritis. In 1991, her doctor prescribed weekly chiropractic treatments to relieve some of her symptoms. The insurance plan covered thirty chiropractic treatments per calendar year, and Great–West Life refused to approve Davis's claim for the treatments which were in excess of that amount. Davis filed a grievance with the Insurance Board, seeking to have all her chiropractic treatments covered. She participated in the grievance hearing by telephone on December 16, 1991. Although Davis was not represented by an attorney at the hearing, she testified about her condition and called her physician to testify as a witness on her behalf. She also questioned Great–West Life's witness. After the hearing had concluded, the Insurance Board issued its findings of fact, conclusions of law, and order, finding that the prescribed chiropractic treatments were medically necessary but denying Davis's claim because the insurance plan limited coverage to a maximum of thirty treatments per year.

Davis appealed to the district court, and that court affirmed the Insurance Board's decision to deny Davis's claim, concluding that the Insurance Board's determination was not arbitrary, capricious, or contrary to the law. Davis did not appeal to this Court.

On March 3, 1994, Davis filed an action in the district court against the appellees, claiming that she had been wrongly denied health insurance benefits. Davis's complaint was seventeen pages long and included twelve causes of action. Her causes of action may be generally summarized as follows:

1. A claim that Davis was denied due process and that statutorily required procedures were not followed at the administrative hearing;

2. A claim that Davis was denied due process because her request for a postponement of the hearing had been denied;

3. A claim that negligent supervision of employees who engaged in discrimination and unfair employment practices resulted in Davis being denied her constitutional and statutory rights which caused her to experience emotional distress;

4. A claim that Davis suffered emotional distress and punitive damages;

5. A claim that the appellees violated the provisions of 42 U.S.C. § 1983;

6. A claim that the Americans with Disabilities Act of 1990 (ADA) and the corresponding Wyoming statutes were violated because Davis had not been provided with due process at the hearing and because the State had not provided her with appropriate insurance coverage;

7. A claim that the duty of good faith and fair dealing was breached when the appellees handled Davis's claim and conducted the administrative hearing;

8. A claim that Wyo.Stat. § 26–15–124 (1983) had been violated; [1]

9. A claim that Davis was denied the insurance coverage which she "reasonably expected";

10. A claim that the implied duty of good faith and fair dealing was breached;

11. A claim that the insurance coverage was fraudulently, intentionally, or negligently misrepresented; and

12. A claim that Davis was entitled to receive punitive damages.[2]

Great–West Life filed a motion to dismiss and/or a motion for a summary judgment, and the State and the Insurance Board filed a motion for a summary judgment. After holding a hearing, the district court granted

---

**1.** The original complaint stated that the cause of action was being brought under Wyo.Stat. § 26–15–126 (1983). The record reveals that the reference to "126" was a typographical error and that the claim was actually brought pursuant to § 26–15–124.

**2.** Davis does not contest the district court's ruling on causes of action 1, 2, and 4 in her appeal.

the appellees' motions. Davis perfected her appeal to this Court.

## DISCUSSION

### A. Summary Judgment

The district court granted summary judgments in favor of the appellees on the majority of Davis's claims because it found that Davis was collaterally estopped from asserting those issues in this lawsuit which were decided by the Insurance Board and the district court after the administrative hearing had been held.

Summary judgment is appropriate when no genuine issue as to any material fact exists and when the prevailing party is entitled to have a judgment as a matter of law. *Kahrs v. Board of Trustees for Platte County School District No. 1*, 901 P.2d 404, 406 (Wyo.1995); *see also* W.R.C.P. 56(c). A genuine issue of material fact exists when a disputed fact, if it were proven, would have the effect of establishing or refuting an essential element of the cause of action or defense which has been asserted by the parties. *Adkins v. Lawson*, 892 P.2d 128, 130 (Wyo.1995). We examine the record from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. *Jack v. Enterprise Rent–A–Car Co. of Los Angeles*, 899 P.2d 891, 893 (Wyo.1995). We do not accord any deference to the district court's decisions on issues of law. *Kahrs*, 901 P.2d at 406.

The collateral estoppel doctrine applies to final adjudicative determinations which have been rendered by administrative tribunals. *Id.; Slavens v. Board of County Commissioners for Uinta County*, 854 P.2d 683, 685 (Wyo.1993). Under the collateral estoppel doctrine, a party cannot relitigate issues which were involved actually and necessarily in a prior action between the same parties. *Willowbrook Ranch, Inc. v. Nugget Exploration, Inc.*, 896 P.2d 769, 772 (Wyo. 1995).

Courts consider four factors in determining whether the collateral estoppel doctrine applies:

(1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Slavens*, 854 P.2d at 686 (emphasis in original). *See also US West Communications, Inc. v. Wyoming Public Service Commission*, 907 P.2d 343, 347–48 (Wyo.1995).

Several of Davis's causes of action, including all of causes of action 1, 2, and 5 and parts of causes of action 3, 4, 6, 7, and 10, were directly concerned with whether or not the Insurance Board held a fair administrative hearing. The parties presented those issues to the district court in the initial petition for review of the Insurance Board's decision. The district court necessarily decided that the hearing was fair when it concluded that the Insurance Board's action was not arbitrary, capricious, or contrary to the law. Davis chose not to appeal to this Court at that time. She is, therefore, bound by the Insurance Board's and the district court's original decisions, and she cannot, under the guise of initiating an "independent" action, relitigate those claims.

In portions of causes of action 3, 4, 7, and 10, Davis asserted that the appellees improperly investigated the facts of her claim when they were determining whether she was entitled to have her excess chiropractic treatments covered under the insurance plan. She contends that the appellees violated their implied duties of good faith and fair dealing and that they intentionally inflicted emotional distress upon her. Davis argues that, under *Hatch v. State Farm Fire and Casualty Company*, 842 P.2d 1089 (Wyo.1992), she may maintain an action against the insurer for breach of the implied duties of good faith and fair dealing because of the manner in

which the insurer investigated, handled, and denied her claim. She asserts that she may maintain her claim even though the insurer honored the express terms of the insurance contract.

As the district court aptly explained, the *Hatch* ruling does not apply in this case because a factual investigation of Davis's claim by the insurer was not necessary:

> Unlike *Hatch*, the denial of Plaintiff's insurance claim in this case is not based on any factual investigation or conclusions. Any factual investigation into Plaintiff's claim is irrelevant, because she was not denied coverage on the basis of any disputed or "fairly debatable" factual determination. The issue in Plaintiff's claim was one solely of contract, and facts played no part in the determination of that issue.

The Insurance Board interpreted the insurance contract as covering a maximum of thirty chiropractic treatments per year, and the district court affirmed the Insurance Board's interpretation. Davis declined to appeal to this Court at that time. The Insurance Board's conclusion is, therefore, binding upon Davis, and the district court correctly granted summary judgments against her on causes of action 3, 4, 7, and 10. Similarly, Davis maintained in causes of action 9 and 11 that the thirty-treatments-per-year contractual limitation should not apply to her. Since that issue was necessarily and actually decided at the administrative hearing, she is collaterally estopped from contesting the Insurance Board's decision on that issue as well.

Davis contends that, regardless of the result of the earlier administrative proceeding, she was entitled to bring her action in an independent lawsuit. She argues that the "attempt to eliminate independent remedies and deny free access to the judicial system for insurance disputes is constitutionally invalid." She buttresses her argument by stating that administrative tribunals are unfriendly, administrative rules are unfair, and the appeal provisions of the Wyoming Ad-

ministrative Procedure Act are worthless. Davis refers to numerous provisions of the Wyoming and United States constitutions in her argument that the administrative decision-making scheme is unconstitutional.

We disagree with Davis's bold assertions. The Insurance Board had the statutory and regulatory power to make a binding decision on Davis's insurance claim. *See* WYO.STAT. § 9–3–205(a)(vi) (1991); RULES AND REGULATIONS OF THE WYOMING STATE EMPLOYEES' AND OFFICIALS' GROUP INSURANCE BOARD OF ADMINISTRATION ch. III, § 4 (1991). When such power exists, this Court recognizes the propriety of decision making by administrative tribunals and the role of the courts in reviewing those decisions.

> [T]here are ample provisions for review by the courts of administrative action. Ordinarily, the function of courts, in connection with such review, is to approve or disapprove the administrative action. It is not ordinarily within the prerogative of courts to substitute their judgment for administrative authority or to perform duties assigned by law to administrative boards, committees and officers.

*Sweetwater County Planning Committee for Organization of School Districts v. Hinkle,* 493 P.2d 1050, 1052 (Wyo.1972). *See also Glover v. State,* 860 P.2d 1169 (Wyo.1993).

Davis also contends that the collateral estoppel doctrine does not bar her claims because W.R.A.P. 12.12 [3] allowed her to initiate an independent lawsuit against the appellees. Davis's contention is in direct conflict with our precedent. We have repeatedly stated that W.R.A.P. 12.12 is not an exception to the collateral estoppel doctrine. *Kahrs,* 901 P.2d at 408; *Slavens,* 854 P.2d at 687.

Davis maintains that the appellees should not be allowed to rely on the collateral estoppel doctrine because they did not act in an equitable manner toward her. Davis offers several examples of what she considers to be

---

**3.** W.R.A.P. 12.12 provides:

The relief, review, or redress available in suits for injunction against agency action or enforcement, in actions for recovery of money, in actions for a declaratory judgment based on agency action or inaction, in actions seeking any common law writ to compel, review or restrain agency action shall be available by independent action notwithstanding any petition for review.

inappropriate behavior by the appellees and their counsel. The gist of her argument is that the appellees had a duty to inform her about the various legal theories which may have been available to her since she was not represented by counsel at the administrative hearing. Davis also claims that the appellees asserted inconsistent positions during the different proceedings and that they should have been judicially estopped from doing so. The record does not reveal a factual basis to support Davis's contentions. Additionally, Davis does not direct us to any legal authority which supports her suggestion that the appellees had a duty to inform her of the possible legal theories which may have applied in her case. We conclude, therefore, that Davis's "equity" argument does not have any merit.

## B. W.R.C.P. 12 Dismissals

The district court found that a motion to dismiss should be granted against Davis on two of her causes of action because the causes of action did not state claims for which relief could be granted.

> When reviewing a W.R.C.P. 12(b)(6) dismissal, this Court accepts all facts stated in the complaint as being true and views them in the light most favorable to the plaintiff. We will sustain a W.R.C.P. 12(b)(6) dismissal only when it is certain from the face of the complaint that the plaintiff cannot assert any facts which would entitle him to relief.

*Herrig v. Herrig,* 844 P.2d 487, 490 (Wyo. 1992) (citation omitted). *See also Veile v. Board of County Commissioners of Washakie County,* 860 P.2d 1174, 1177 (Wyo.1993).

*R.D. v. W.H.,* 875 P.2d 26, 28 (Wyo.1994).

In cause of action 6, Davis asserted a claim under the ADA, 42 U.S.C. §§ 12101–12213 (1990), and the corresponding Wyoming provisions.[4] She contended that, as a qualified disabled person, she was entitled to have relief under those laws because the State and the Insurance Board did not afford her due process at her administrative hearing and because they did not provide her with appropriate insurance coverage. The district court granted a summary judgment against Davis as to the portion of her claim which contested the formalities of the hearing. Consistent with our earlier rulings on the collateral estoppel issue, we affirm the district court's determination.

The district court granted a motion to dismiss as to the portion of Davis's ADA claim which pertained to the appellees' duty to provide her with appropriate insurance coverage. We conclude that the district court properly dismissed Davis's claim because the relevant portions of the ADA did not become effective until after the events which are at issue in this case occurred. The administrative hearing was held in December 1991. The relevant portions of Titles II and III of the ADA did not become effective until January 1992, and the pertinent parts of Title I did not go into effect until July 1992.[5] Act of July 26, 1990, Pub.L. No. 101–336, 104 Stat. 337 (Title I, effective 24 months after enactment), 104 Stat. 338 (Title II, Subtitle A, effective 18 months after enactment), 104 Stat. 346 (Title II, Subtitle B, Part I, effective 18 months after enactment), 104 Stat. 353 (Title II, Subtitle B, Part II, effective 18 months after enactment), 104 Stat. 365 (Title III, effective 18 months after enactment).

The district court also dismissed Davis's cause of action 8. In that claim, Davis sought attorney's fees pursuant to § 26–15–124(c). Section 26–15–124(c) provides as follows:

> (c) In any actions or proceedings commenced against any insurance company on any insurance policy or certificate of any type or kind of insurance, or in any case where an insurer is obligated by a liability insurance policy to defend any suit or claim or pay any judgment on behalf of a named insured, if it is determined that the company refuses to pay the full amount of a loss covered by the policy and that the refusal is unreasonable or without cause,

---

4. Davis does not present any argument which pertains to the Wyoming statutes, and, accordingly, we will not address that issue in this opinion.

5. Davis does not argue that the other ADA titles applied in her case.

any court in which judgment is rendered for a claimant may also award a reasonable sum as an attorney's fee and interest at ten percent (10%) per year.

The Insurance Board determined that the insurance contract did not cover Davis's excess treatments. The district court, therefore, properly dismissed cause of action 8 because, under the plain language of § 26–15–124, the statute does not apply when the policy does not cover a loss.

Since we have concluded that the district court was correct in holding that Davis was not entitled to receive actual damages on any of her causes of action, we also affirm its ruling that her punitive damages claim in cause of action 12 should be dismissed. *See Sannerud v. Brantz,* 879 P.2d 341 (Wyo. 1994). Our rulings in this case are dispositive; therefore, we do not need to determine whether governmental immunity principles applied.

## C.  W.R.A.P. 10.05 Sanctions

Great–West Life asserts that it is entitled to be awarded costs, attorney's fees, and damages pursuant to W.R.A.P. 10.05 because no reasonable cause existed for Davis's appeal. Under the circumstances, we cannot certify that no reasonable cause existed, and we, therefore, deny Great–West Life's request.

## CONCLUSION

We hold that the district court correctly granted the summary judgments in favor of the appellees and dismissed the various claims which Davis had asserted in her complaint.

Affirmed.