**JEWISH COMMUNITY ASSOCIATION OF CASPER, a Wyoming non-profit corporation, Appellant (Plaintiff),**

v.

**COMMUNITY FIRST NATIONAL BANK, Appellee (Defendant).**

No. 99–42.

Supreme Court of Wyoming.

June 7, 2000.

Representing Appellant: Keith P. Tyler and Peter C. Nicolaysen, Casper, WY. Argument by Mr. Nicolaysen.

Representing Appellee: No appearance.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

LEHMAN, Chief Justice.

The Jewish Community Association of Casper appeals the summary judgment decision of the district court that the Association's outgoing Board of Directors had the power to place Association assets into an irrevocable trust outside the control of any future Board of Directors. We conclude the conveyance of assets without approval of the Association's membership rendered the trust void *ab initio*. We therefore reverse.

## ISSUES

1. Whether the District Court erred in construing the Irrevocable Trust as an investment.

2. Whether the District Court erred in determining that the conveyance of property to the Irrevocable Trust was consistent with the language of the corporation's Bylaws.

3. Whether Wyoming law prohibits the transfer of property by a corporation to an irrevocable trust where the transfer was not in the corporation's usual course of business and done without shareholder approval.

4. Whether the District Court erred in determining that the Irrevocable Trust was properly funded.

## FACTS

The parties stipulated to the essential facts in the district court. In 1983, a Casper philanthropist made a $100,000 gift to the Jewish Community Association of Casper. In 1994, the Association and Norwest Bank Wyoming, N.A.[1] entered into a Management Agency Agreement, and the Bank began management of the $100,000 amount. Income generated from the invested funds was periodically withdrawn by the Association and used according to its bylaws, which provide that the principal of the fund "shall be utilized solely for the purpose of generating income to subsidize the Temple Beth El operating budget and perpetual care accounts."

On May 12, 1997, the Association's then Board of Directors and the Bank entered into a Trust Agreement placing the $100,000 fund into an irrevocable trust. The Board approved the terms of the Trust Agreement. Unbeknownst to the Bank, the Association's general membership never voted to approve or ratify the Trust Agreement.

The Trust purports to transfer the funds to the Trustee and gives the Trustee the option to pay the trust income to the Association or to accumulate the income for the benefit of the remainderman. The Trustee has sole discretion to establish what is net income. If the Association dissolves or ceases to be a charitable organization, the Trustee is to distribute the principal to the Wyoming Community Foundation. The Trust is irrevocable.

Six days later, on May 18, 1997, the Association elected an entirely new Board of Directors. The new Board demanded that the Bank return the funds in the Trust to the Association's agency account. After failed settlement negotiations, the Bank requested that the Association seek court clarification

---

1. Pursuant to W.R.A.P. 17.02 and this court's Order Allowing Substitution of Party dated September 24, 1999, Community First National Bank has replaced Norwest Bank Wyoming, N.A. as appellee and will be termed "the Bank" throughout this opinion.

of the legality of the trust and the status of the funds.

On June 1, 1998, the Association filed a declaratory judgment action against the Bank. In December 1998, the district court issued summary judgment in favor of the Bank, finding that the Trust was valid and legal. This appeal timely followed.

### STANDARD OF REVIEW

Summary judgment is appropriate when no genuine issue as to any material fact exists and the prevailing party is entitled to have a judgment as a matter of law. *Kahrs v. Board of Trustees for Platte County Sch. Dist. No. 1*, 901 P.2d 404, 406 (Wyo.1995); *see also* W.R.C.P. 56(c). A genuine issue of material fact exists when a disputed fact, if it were proven, would have the effect of establishing or refuting an essential element of the cause of action or defense which has been asserted by the parties. *Adkins v. Lawson*, 892 P.2d 128, 130 (Wyo.1995). We examine the record from the vantage point most favorable to the party who opposed the motion, and we give that party the benefit of all favorable inferences which may fairly be drawn from the record. *Jack v. Enterprise Rent–A–Car Co. of Los Angeles*, 899 P.2d 891, 893 (Wyo.1995). We evaluate the propriety of a summary judgment by employing the same standards and by using the same materials as were employed and used by the lower court. *Adkins*, 892 P.2d at 130. We accord no deference to the district court's decisions on issues of law. *Kahrs*, 901 P.2d at 406.

█ The party moving for summary judgment bears the initial burden of establishing a prima facie case for a summary judgment. If the movant carries this burden, the party opposing the summary judgment must come forward with specific facts to demonstrate that a genuine issue of material fact does exist. *Thunder Hawk By and Through Jensen v. Union Pacific Railroad Co.*, 844 P.2d 1045, 1047 (Wyo.1992). General allegations and conclusory statements are not sufficient. *Board of County Comm'rs of County of Laramie v. Laramie County Sch. Dist. Number One*, 884 P.2d 946, 956 (Wyo. 1994). Our review is *de novo* upon the same

record materials that were presented to the trial court. We afford no special deference to the ruling of the trial court on issues of law. *Ahrenholtz v. Time Ins. Co.*, 968 P.2d 946, 949 (Wyo.1998)

### DISCUSSION

The Association contends that the district court committed an error of law by characterizing the irrevocable trust as an investment rather than a conveyance. We agree.

This court has determined that "a trust is a fiduciary relationship in which one person is the holder of the title to property subject to an equitable obligation to keep or use the property for the benefit of another." *Scotti's Drive In Restaurants, Inc. v. Mile High–Dart In Corp.*, 526 P.2d 1193, 1196 (Wyo. 1974). "The elements of a valid trust include a competent settlor and trustee, intent by the settlor to create a trust, ascertainable trust res, sufficiently ascertainable beneficiary or beneficiaries, a legal purpose, and a legal term." *Hilbert v. Benson*, 917 P.2d 1152, 1157 (Wyo.1996) (citing *McGinnis v. McGinnis*, 391 P.2d 927, 933 (Wyo.1964); *Dallas Dome Wyoming Oil Fields Co. v. Brooder*, 55 Wyo. 109, 127–28, 97 P.2d 311, 318 (1939); *State v. Underwood*, 54 Wyo. 1, 25, 86 P.2d 707, 714 (1939)).

█ By definition, the creation of a trust must involve a conveyance of property. *See Restatement, Second, Trusts* § 31 (1959) (if inter vivos conveyance is not effective to transfer the property, no trust is created). For a settlor to have the power to create a trust, he must own a transferable property interest or have a power of disposition over such property interest, or he must have the means of contracting with an owner or holder of such a power. George T. Bogert, *Trusts* § 9 (6th ed.1987). Property which the settlor cannot transfer cannot be held in trust. *Restatement, Second, Trusts* § 79. In the context of an irrevocable inter vivos trust, this court has determined that a "person lacking capacity to make an ordinary transfer of property has no capacity to create an inter vivos trust." *Hilbert v. Benson*, 917 P.2d at 1156 (citing *Walton v. Bank of California, Nat'l Ass'n*, 218 Cal.App.2d 527, 32

Cal.Rptr. 856, 865 (1963) (citing *Restatement, Second, Trusts* §§ 19, 333 *see* comment f, p. 151) (1959)); *Harrison v. City Nat'l Bank of Clinton, Iowa,* 210 F.Supp. 362, 371 (S.D.Iowa 1962). In *Hilbert,* this court was dealing with the concept of mental capacity, but the same logic applies to any form of legal capacity.

 In this case, it is apparent that in alienating the fund, the Board acted without appropriate authority. The bylaws mandate that the fund be used solely for operational expenses, yet the trust contains no similar restriction. And the Wyoming Nonprofit Corporation Act does not allow a corporation to convey substantially all of its property without a vote of approval by the members. Wyo. Stat. Ann. § 17–19–1202 (Lexis 1999). Since the Board had no authority to transfer or convey the property without membership approval, it follows that the Board had no authority to create this trust. The Board controlled no transferable property interest and so had no power to alienate this property. Therefore, the Board exceeded its authority and acted *ultra vires.*

The Bank argues that the irrevocable trust was a permissible investment rather than an impermissible conveyance. The permanent and irrevocable nature of this trust refutes this argument. To constitute an investment, title and control must remain with the investor, even if the character of the property is changed. *Duffield v. Rader,* 288 Ill.App. 184, 6 N.E.2d 228, 231 (1937). An irrevocable trust is a trust "that cannot be terminated by the settlor once it is created." *Black's Law Dictionary* at 1516 (7th ed.1999). It is a living trust, an inter vivos trust "that is created and takes effect during the settlor's lifetime." *Id.* In the case at bar, legal title went to the Bank, the trustee. While it is true that equitable title remained with the settlor, this begs the question of control. Clearly, the irrevocable nature of the trust gave permanent control to the Bank. This delegation of control ultimately divides an investment from a conveyance.

We hold that where a settlor has no legal authority to convey legal title to property, putting said property into an irrevocable trust is *ultra vires* and the ostensible trust created thereby is consequently void *ab initio.*

## CONCLUSION

Since there are no genuine issues of material fact, our resolution of the central legal issue resolves the entire cause of action. The judgment of the district court is reversed, and the case is remanded for entry of summary judgment in favor of the appellant.