**Larry SCHOTT, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 93–88.**

Supreme Court of Wyoming.

Nov. 30, 1993.

Leonard D. Munker, State Public Defender, Deborah Cornia, Appellate Counsel, and Bobbi Renner, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., and Barbara L. Boyer, Sr. Asst. Atty. Gen., for appellee.

Before THOMAS, CARDINE, GOLDEN and TAYLOR, JJ., and ROONEY, J. (RET.).

ROONEY, Justice (Retired).

Appellant appeals from an order revoking his probation on the ground that the order placing him on probation (an order changing an original incarceration sentence) was illegal.

On June 14, 1983, and after a plea of guilty to two counts of forgery, a written judgment and sentence was entered (reflecting that done in open court on May 31, 1983) directing that appellant be incarcerated in the Wyoming State Penitentiary for a term of not less than one year nor more than two years on each count, with credit for 126 days served to be taken from both the minimum and maximum sentence and with the sentences to run concurrent with each other. On June 20, 1983, a stipulation and order was entered reflecting that, "upon Motion of the Defendant" and stipulation between the parties, appellant was "ordered to spend the last 70–90 days of his Penitentiary sentence at the Wyoming State Hospital in the drug and alcohol abuse program." Because of appellant's back injury which required his hospitalization, the court deferred the time appellant was to report to the sheriff for delivery to the Wyoming State Penitentiary from June 7, 1983, until the date he was released from the hospital. After such release, appellant did not so report. He went to Nebraska, Kansas, and Iowa.[1]

On February 26, 1990, appellant was arrested on a bench warrant issued against him by the District Court for the Seventh Judicial District for his failure to serve the Wyoming sentence on the two counts of

---

**1.** Since leaving Wyoming, appellant has been arrested and convicted of committing crimes in each of these states.

forgery. On April 9, 1990, appellant filed a motion for sentence reduction requesting that he be placed on probation under any conditions imposed by the court. On April 18, 1990, appellant was placed on probation for three years. On April 1, 1993, probation was revoked for appellant's failure to comply with its terms (failure to make restitution, failure to report, and leaving area without permission), and appellant was ordered to serve the incarceration sentence previously imposed.

Appellant words the issue on appeal as:

Whether the revocation of Appellant's probation was based upon a sentence that is illegal because:

(a) the sentence was the result of a Motion for Sentence Reduction filed nearly seven years after the original sentence was imposed;

(b) the effect of said sentence was to lengthen rather than reduce Appellant's sentence; and

(c) the sentence provided for a term of imprisonment in the Wyoming State Penitentiary with the last 70–90 days to be served in the Wyoming State Hospital for drug and alcohol treatment?

Appellee states the issues as:

I. Whether the district court abused its discretion when it reduced appellant's sentence to a term of probation.

II. Whether appellant's sentence upon revocation required that appellant serve the last 70–90 days in a drug and alcohol treatment program.

█ Appellant argues that the revocation of his probation was illegal because the order, which was made on his motion, reducing his sentence and placing him on probation was a reduction of the original sentence and because the order was made long after the court lost jurisdiction, as provided for by the Wyoming Rules of Criminal Procedure, to reduce his sentence. Thus, he contends that, since placing him on probation was illegal, revoking his probation was also illegal. He also argues that the same order placing him on probation resulted in an illegal lengthening of his sentence. The order placing appellant on probation (now contested by him in these two respects) was made on his own motion for such. If there was error in either instance, it was made at the request and invitation of appellant, and he cannot now take advantage of it.

In appellate practice, the principle of "invited error" is that if, during the progress of a cause, a party requests or moves the court to make a ruling which is actually erroneous, and the court does so, that party cannot take advantage of the error on appeal or review.

BLACK'S LAW DICTIONARY 487 (5th ed. 1979).

The doctrine of "invited error" embodies the principle that a party will not be heard to complain on appeal of errors which he himself induced or provoked the court or the opposite party to commit.

5 AM. JUR.2D *Appeal and Error* § 713 at 159 (1962).

█ Finally, appellant contends that there was error in the court's order for appellant to serve the last seventy to ninety days of his incarceration sentence in the Wyoming State Hospital. Again, the order was made on appellant's own motion. If the order was in error, it was invited by appellant, and he cannot now argue error.

Affirmed.