Larry LYDEN, Appellant (Plaintiff),

v.

Ernest WINER, Appellee (Defendant).

No. 93–240.

Supreme Court of Wyoming.

July 27, 1994.

John D. Whitaker and James R. McCarty, Casper, for appellant.

Rex O. Arney of Murane & Bostwick, Casper, for appellee.

Before GOLDEN, C.J., and THOMAS, CARDINE,\* MACY \*\* and TAYLOR, JJ.

GOLDEN, Chief Justice.

A social guest of landlord's tenant filed a negligence complaint against landlord to recover money damages for personal injuries suffered after he slipped on an area rug and fell down the basement stairs of landlord's rental. The social guest now appeals the district court's entry of summary judgment against him following its determination that landlord had not retained control of the premises upon which the social guest was injured.

We reverse and remand.

## ISSUES

Appellant social guest presents the following issues for our review:

1. What duty of care, if any, is owed by the owner and occupant of a premises to a social guest of another occupant of the premises?

2. Assuming there was a duty under the facts of this case, was there a genuine issue of material fact as to whether Appel-lee breached that duty, and was Appellee entitled to judgment as a matter of law?

3. What duty, if any, is owed by the owner and occupant of a premises to a social guest of another occupant of the premises not to injure the guest by virtue of his own affirmative negligence?

4. Assuming there was a duty under the facts of this case, was there a genuine issue of material fact as to whether Appel-lee breached that duty, and was Appellee entitled to summary judgment?

Appellee landlord rephrases the issue as:

Did [appellee] as landlord have a duty to tenant['s] social guests for injuries occur-ring on the rented premises, and if so, is he liable as a matter of law?

## FACTS

Appellee, Ernest Winer, owns a house located at 1241 South Jackson in Casper, Wyo-ming. In May, 1992, he rented out the main floor of the residence to Carla Wise (Wise). He allowed tenant Wise use of the laundry facilities located in the basement, but re-tained the rest of the basement, consisting of an unfinished bedroom, utility room, storage room, bathroom, living room and bar, for himself. From May 23, 1992, until August 20, 1992, although appellee kept his personal property in the basement, he lived primarily with his parents in Durango, Colorado, where he was working for his father.

On the evening of June 6, 1992, Wise went with a group of her friends, including appel-lant, Larry Lyden, to the Moonlight Lounge in Casper, where they played pool and had drinks. Later that evening, Wise invited the same group of friends to her residence where they continued socializing and drinking beer. After approximately one hour, Wise asked appellant to go to the basement with her to talk with two of their friends who had gone to the basement to rest. As appellant ap-proached the stairway to the basement, he slipped on an area rug on the landing and fell down the stairs, striking his head on a sup-port beam at the bottom of the stairwell. Early in May, 1992, appellee had placed the

---

\* Retired July 5, 1994.

\*\* Chief Justice at time of oral argument.

rug, which had no non-skid backing, on the landing to protect the parquet flooring.

On December 23, 1992, appellant filed a complaint against appellee alleging appellee negligently maintained the stairwell causing appellant to sustain serious injuries. On October 4, 1993, the district court entered an order granting appellee's motion for summary judgment. The district court concluded that no genuine issues of material fact existed and that, as a matter of law, appellee did not retain control of the premises and, therefore, owed *no duty of reasonable care* to his tenant's social guests.

## STANDARD OF REVIEW

Summary judgment is proper when no genuine issues of material fact exist and the prevailing party is entitled to judgment as a matter of law. *Eiselein v. K–Mart, Inc.,* 868 P.2d 893, 894 (Wyo.1994); *Lynch v. Norton Constr.,* 861 P.2d 1095, 1097 (Wyo.1993). A material fact is a fact which, if proven, would have the effect of establishing or refuting an essential element of the claim or defense asserted by the parties. *Walsh v. Walsh,* 841 P.2d 831, 833 (Wyo.1992). "When reviewing the propriety of a grant of summary judgment, we review the record in the light most favorable to the party opposing the motion, giving that party all favorable inferences that can be drawn from the facts." *Eiselein,* 868 P.2d at 894 (quoting *Lynch,* 861 P.2d at 1097). If a dispute exists over a material fact which leads to conflicting interpretations or if reasonable minds might differ, then summary judgment is improper. *Walsh,* 841 P.2d at 834; *Parker v. Haller,* 751 P.2d 372, 375 (Wyo.1988).

## DISCUSSION

■ This court has adopted the general rule that

a lessor [will] not ordinarily be held liable for injuries by a defective condition of the premises which arose after the lessee had taken possession, *or for a defective condition which existed at the time possession was delivered unless it was a latent defect which was known to lessor, or concerning

which he should have known, and which he did not make known to lessee.

*Medlock v. Van Wagner,* 625 P.2d 207, 208 (Wyo.1981). An exception to this rule applies to areas of the rented premises over which the landlord retains control. 49 AM. JUR.2d *Landlord and Tenant* § 805 (1970); *Medlock,* 625 P.2d at 208, n. 2. The rule imposing a duty of reasonable care upon the landlord for those areas over which he retains control is stated generally as:

[W]here the owner of the premises leases parts thereof to different tenants, and expressly or impliedly reserves other parts thereof, such as entrances, halls, stairways, porches, walks, etc., for the common use of different tenants, it is his duty to exercise reasonable care to keep safe such parts of which he so reserves control, and if he is negligent in this regard, and a personal injury results by reason thereof to a tenant *or to a person there in the right of the tenant,* he is liable, provided that the injury occurs while such part of the premises is being used in the manner intended.

49 AM.JUR.2d *Landlord and Tenant, supra,* at 760–61. (Emphasis added). *See Also Kitchens v. United States,* 604 F.Supp. 531, 536 (M.D.Ala.1985) ("Where a landlord has retained control, he has the duty to maintain the common areas in a reasonably safe condition in order to avoid liability for injury to tenants or their guests."); Allan E. Korpela, Annotation, *Landlord's Liability for Injury or Death Due to Defect in Areas of Building (Other than Stairways) Used in Common by Tenants,* 65 A.L.R.3d 14, 35–36 (1975 & Supp.1993) ("[I]n most jurisdictions a landlord is considered to owe a duty to his tenants and to those standing in the right of the tenant, to exercise reasonable care to make and keep reasonably safe those common areas of the building over which the landlord retains control for the use of his tenants.")

As noted in the statement of the rule above, when the landlord retains control of the premises or a portion thereof, he owes the same duty of care to both the tenant and a person on the premises by right of the tenant. This rule and the justification for the rule are explained as follows:

[The lessor's] position is closely analogous to that of a possessor who permits visitors to enter for a purpose of his own; and those who come in the course of the expected use may be considered his invitees, as a good many courts have held. He is therefore under an affirmative obligation to exercise reasonable care to inspect and repair such parts of the premises for the protection of the lessee; and the duty extends also to members of the tenant's family, his employees, his invitees, his guests, and others on the land in the right of the tenant, since their presence is a part of the normal use of the premises for which the lessor holds them open. * * * The duty does not extend to intruders who come for a purpose for which the building is not open and provided, and such individuals are at best licensees.

W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 63, at 440–41 (5th ed.1984).

Whether a landlord has retained control over a portion of the leased premises is a question of fact. *Andres v. Roswell–Windsor Village Apartments,* 777 F.2d 670, 672 (11th Cir.1985); *Kitchens,* 604 F.Supp. at 536; *Kuhn v. General Parking Corp.,* 98 Ill. App.3d 570, 54 Ill.Dec. 191, 195–96, 424 N.E.2d 941, 945–46 (1981). *See also Hape v. Rath,* 492 P.2d 974, 977 (Wyo.1972) (remanding for submission to the trier of fact the question whether the landlord had assumed the duty of maintaining the stairs).

"To show control in the landlord there must be evidence from which the trier of fact can infer that the tenant surrendered his right to exclusive possession and control." *Erhardt v. Lowe,* 596 S.W.2d 489, 491 (Mo. App.1980). As we noted earlier, a question of fact, or the inferences to be drawn from a fact or facts, will not be taken from the trier of fact unless reasonable minds could not differ.

A survey of the numerous cases discussing whether a landlord has retained control over a portion of the rented premises reveals no clear rule governing when, as a matter of law, the landlord has retained control. *See, e.g., Fitzpatrick v. Ford,* 372 S.W.2d 844 (Mo.1963) (holding that whether the landlord retained control was a question of fact for the jury where porch roof of farmhouse collapsed, and although neither party disputed that landlord did not regularly stay at the farmhouse, parties did dispute whether the landlord retained certain portions of the premises for own use); *Black v. Fiandaca,* 98 N.H. 33, 93 A.2d 663 (1953) (holding a question of fact existed concerning whether the landlord or the tenant maintained control over the attic where tenant was permitted to store items in the attic along with the landlord's items, the only access to the attic was through the tenant's apartment, and the landlord usually sought the tenant's permission before accessing the attic); *Burks v. Blackman,* 52 Cal.2d 715, 344 P.2d 301 (1959) (holding a question of fact existed concerning control over a porch which collapsed where the porch was used only by the injured tenant, but the supporting structure of the porch also supported a porch and steps for other apartments in the complex); *Campagna v. Cozzi,* 59 Ill.App.2d 208, 207 N.E.2d 739, 741 (1965) (holding a question of fact existed concerning control of a porch where lease was silent as to control, the porch could be accessed through two different apartments, and each tenant family used only their own side); *but see Mackey v. Allen,* 396 S.W.2d 55 (Ky.1965) (upholding summary judgment for the landlord on question of control of basement where the landlord did not have a key to the basement and visited once a month, borrowing the tenant's key so he could clean the basement, although he was under no duty to do so).

Appellant argues that the district court, in determining that storage of appellee's property in the basement of the rented premises could not, as a matter of law, establish control of the premises, erred in failing to consider other relevant factors which at least raised a genuine question of fact concerning the issue of control. We agree.

The district court relied upon *Erhardt,* in reaching its conclusion. It concluded:

The claim that Defendant-landlord still had control of the premises due to his storing some property in the basement is no good. *Erhardt v. Lowe, supra,* stated that the mere fact landlord retains a key to

the premises does not establish as a matter of law that the landlord has control or possession. The same can be said for Defendant-landlord storing some property in the basement in this particular case.

We cannot agree with this interpretation of *Erhardt.* In *Erhardt,* the trial court's determination that the landlord had not retained control was a finding of fact reached only after a bench trial; the determination was not made as a matter of law in a summary judgment setting. *Erhardt,* 596 S.W.2d at 490.

While *Erhardt* does hold that a landlord's possession of a key to the rented premises will not, *per se,* establish the landlord's control, the Missouri Court of Appeals did not hold that possession of a key to the rented premises would never be enough to establish control. *Erhardt,* 596 S.W.2d at 491. That court, in upholding the trial court's finding that the landlord had not retained control, instead confirmed that the question was one of fact, and that possession of the key was one factor to consider, in light of all the circumstances, to determine control. *Erhardt,* 596 S.W.2d at 491.

Likewise, whether landlord's control of the premises may be inferred from the facts present in this case is a question for the trier of fact. Storage of appellee's property in the basement of the rented premises is but one factor to consider, and we cannot conclude, as a matter of law, that appellee relinquished his control over the common areas of the rented premises by working out of town for the summer. Other facts from which the jury *may* infer the landlord retained control over the landing and stairwell include:

● the only access to the basement where landlord was storing his property was

through the front door, over the parquet floor, and down the stairs;

● landlord bought and placed the area rug (without a non-skid backing) on the landing to protect the parquet floor; and

● landlord had a key and access to the premises, without tenant's permission, throughout the months he spent in Colorado.

We thus reverse and remand for a determination by the trier of fact.

As noted earlier, if the trier of fact determines that appellee landlord retained control of the rented premises, or the portion in question, then appellee owes the same duty of care to both the tenant and her social guest. We need not, therefore, address the applicability of our recent decision in *Clarke v. Beckwith,* 858 P.2d 293 (Wyo.1993), abrogating the common law distinctions between invitees and licensees.

## CONCLUSION

■ Landlord owes a duty, to his tenant and any person on the premises by right of the tenant, to exercise reasonable care in maintaining those areas of the rented premises over which he retains control. Whether appellee landlord retained control over any area of the premises is a question of fact, and, in this case, a genuine question of fact does exist.

We reverse the decision of the district court and remand for proceedings consistent with this opinion.