Larry **LYDEN**, By and Through David Lyden, Conservator of the Estate of Larry Lyden, Appellant (Plaintiff),

v.

Ernest **WINER**, Appellee (Defendant).

No. 95–108.

Supreme Court of Wyoming.

March 20, 1996.

James R. McCarty and John D. Whitaker, Casper, for Appellant.

Rex O. Arney and Todd H. Hambrick of Murane & Bostwick, Casper, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

This appeal involves a case wherein a social guest of a tenant was injured while visiting the tenant's rented residence and thereafter sought to hold the landlord liable for his injuries. Appellant Larry Lyden (Lyden), the social guest, by and through his conservator, David Lyden, filed a negligence action against appellee Ernest Winer, the landlord. After a jury trial on the merits, judgment was entered finding that Winer was not negligent in connection with Lyden's injuries. On appeal, Lyden asserts that the district court erred in excluding certain evidence and testimony and refusing to give a requested jury instruction.

We affirm.

### ISSUES

Lyden presents the following issues for review:

Did the trial court err when it applied the law of the case doctrine to prohibit Plaintiff from introducing evidence of the Defendant's violation of the building code and evidence of agency between landlord and tenant to prove that the Defendant was negligent?

Did the trial court err when it refused to allow the Plaintiff's safety expert to testify that the Defendant's stairway was a violation of the applicable standard of care required of a homeowner in that the stairway did not have sufficient headroom clearance and handrails?

Winer responds with the following issues:

I. Did the trial court commit a clear error of law when limiting the issues at trial to those specifically mandated by the Wyoming Supreme Court?

A. In the event that the Court holds that the application of the law of the case doctrine was a clear error, was it harmless error?

II. Was it an abuse of discretion for the trial court to exclude the testimony of Douglas Barrett?

### BACKGROUND

A full recitation of the facts surrounding Lyden's claim can be found in *Lyden v. Winer*, 878 P.2d 516 (Wyo.1994). In summary, Winer owned a house in Casper which he rented to a tenant. While visiting the tenant, Lyden slipped and fell down a flight of steps leading to the basement. Lyden hit his head and was seriously injured. Lyden filed suit against Winer alleging he had negligently maintained the stairs. Winer moved for and was granted summary judgment. On appeal, we held that whether Winer retained control over any area of the premises was a question of fact and, therefore, a genuine question of fact existed for the trier of fact to determine. *Lyden*, at 520. We reversed the decision of the district court and remanded for proceedings consistent with our opinion.

After the mandate issued, Winer filed a motion for partial summary judgment. The district court concluded that its prior finding of no genuine issues of material fact as to Lyden's claims of agency/joint enterprise and violations of the building code was the law of the case and, therefore, Winer continued to have summary judgment as to those issues.

A trial on the merits was held wherein Lyden was allowed to present to the jury his theory of the case that Winer had retained control over the stairs and that he was negligent in maintaining those stairs. Lyden was not allowed to present evidence as to his agency/joint enterprise theory and was not allowed to present evidence that Winer had violated the building code. The jury returned a verdict for Winer, finding that he was not negligent. Lyden timely appeals.

### DISCUSSION

#### I. Application of the "law of the case" doctrine

Lyden contends that the district court erred in concluding that the law of the case doctrine dictated that Winer continued to have summary judgment as to his agency/joint enterprise and violation of building

code claims. Lyden argues that our holding and mandate in *Lyden* did not rule that summary judgment applied to those claims.

The "law of the case" doctrine stands for the proposition that a court's decision on an issue of law made at one stage of a case becomes a binding precedent to be followed in successive stages of the same litigation. *Triton Coal Co. v. Husman, Inc.*, 846 P.2d 664, 667 (Wyo.1993); *see also* 1B *Moore's Federal Practice* ¶ 0.404[1] (2d ed. 1991). This doctrine is designed to avoid repetitive litigation and to promote consistent decision making; thus, it is related to res judicata, collateral estoppel and stare decisis. *Triton Coal,* at 667. Usually the "law of the case" doctrine requires a district court to adhere to its prior rulings, adhere to the rulings of an appellate court, or adhere to another judge's rulings in the same case or a closely related case. *Triton Coal,* at 668; *see also* 18 Wright, Miller & Cooper, *Federal Practice and Procedure:* § 4478 (1981).

In *Lyden,* 878 P.2d at 520, we held:

Likewise, whether landlord's control of the premises may be inferred from the facts present in this case is a question for the trier of fact. * * * We thus reverse and remand for a determination by the trier of fact.

As noted earlier, if the trier of fact determines that appellee landlord retained control of the rented premises, or the portion in question, then appellee owes the same duty of care to both the tenant and her social guest. * * *

Landlord owes a duty, to his tenant and any person on the premises by right of the tenant, to exercise reasonable care in maintaining those areas of the rented premises over which he retains control. Whether appellee landlord retained control over any area of the premises is a question of fact, and, in this case, a genuine question of fact does exist.

We reverse the decision of the district court and remand for proceedings consistent with this opinion.

The mandate states, in relevant part:

### MANDATE REVERSING JUDGMENT

The referenced cause was taken under advisement and the opinion of this Court was delivered on July 27, 1994, reversing the judgment of the district court. Therefore, in accordance with WYO.R.APP.P. 9, it is,

**ORDERED** that the judgment of the Seventh Judicial District Court, Natrona County, Wyoming, be and hereby is, reversed.

Even though the mandate is stated in fairly general terms, the language in *Lyden* is very clear and specific—an issue of material fact existed as to whether Winer retained control of the premises. This court made no findings concerning other claims. Our reversal, without affirming any part of the summary judgment order, necessarily meant that the entire order was reversed. Accordingly, because the summary judgment order became a nullity, the district court was in error for relying on the "law of the case" doctrine in ruling that Winer continued to have summary judgment as to Lyden's other claims. However, we find this to be harmless error.

The effect of a general reversal of a summary judgment order is to nullify it completely and to leave the case standing as if such judgment, order, or decree had never been rendered, except insofar as rights to a new trial or further proceedings may survive. *Triton Coal,* 846 P.2d at 668; *see also* 5 C.J.S. *Appeal and Error* § 959 at 457 (1993). Following a complete reversal, the issues are open to a district court except as qualified by the appellate court. *Triton Coal,* at 678 (Thomas, J., dissenting). This general principle is embodied in 5 Am.Jur.2d *Appellate Review* § 792 (1995):

[A] trial court taking a case on remand may generally consider or decide any matter left open by the remanding appellate court. Moreover, a court on remand * * * is ordinarily free to make an order or direction on questions not presented or settled by the appellate court which is not inconsistent with the appellate court's opinion. * * * In addition, issues that were not, or could not have been, dispositively resolved on their merits in the appellate court may be considered on remand.

(Footnotes omitted.) When there is nothing in the terms of the mandate to prevent it, the district court has the power, on reconsideration, to find the same facts and determinations regarding an issue as in its original holding or to find different facts and determinations and change its original holding.

In the case on appeal, after we issued *Lyden* and its mandate, Winer moved for partial summary judgment regarding Lyden's other claims. Nothing in the terms of the mandate or *Lyden* prevented the district court from reconsidering the other claims and finding that Winer was still entitled to summary judgment on those claims. The purpose of summary judgment is to dispose of those issues that are not in dispute or that cannot be proved at trial. The initial burden was on Winer to show that there was no genuine issue of material fact. Once that showing was made, it was incumbent upon Lyden, as the party opposing summary judgment, to come forward with specific facts to show that there was a genuine issue of material fact as to those claims. *Mostert v. CBL & Associates*, 741 P.2d 1090, 1098 (Wyo. 1987). Conclusory affidavits are insufficient and specific facts must be shown. *Id.*

In this regard we are somewhat hindered by the fact that Lyden's memorandum brief in opposition to Winer's motion for partial summary judgment was not designated as part of the record on appeal; and, therefore, we are constrained to review only those materials Lyden presented in the original summary judgment proceeding. The record discloses no specific fact or evidence that Winer knew that the stairs were in violation of building codes or that the tenant was Winer's agent. Thus, no genuine issues of material fact existed as to those claims. As such, summary judgment was appropriate.

The district court could have found, and in all likelihood did find, that nothing had changed regarding those claims since the original summary judgment order and, therefore, Winer was still entitled to summary judgment because no dispute over genuine issues of material fact existed regarding those claims. This determination is not inconsistent with our holding in *Lyden*, 878 P.2d 516. Consequently, Lyden was not entitled to have the jury instructed regarding these claims, and the district court did not err in refusing such instructions.

## II. Expert Testimony

During trial, the district court refused to allow Lyden's expert witness to express opinions concerning the standard of care for a residential stairway. Lyden argues this amounted to an abuse of discretion in that the testimony would have substantiated his claim that Winer was negligent in his control of the premises.

Expert testimony is the subject of W.R.E. 702, which provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

It is not the purpose of W.R.E. 702 to provide for blanket admissibility of expert testimony. *Anderson v. Louisiana–Pacific*, 859 P.2d 85, 87 (Wyo.1993). A district court is vested with discretion to exclude expert testimony if it is deemed unnecessary or not helpful to the trier of the factual issues. Such a determination will not be disturbed absent an abuse of discretion. *Id.; Reed v. Hunter*, 663 P.2d 513, 517 (Wyo.1983). "In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did." *DJG v. MAP*, 883 P.2d 946, 947 (Wyo.1994) (*quoting Martinez v. State*, 611 P.2d 831, 838 (Wyo.1980)). Whether in any given case expert testimony is necessary to aid the jury in its search for the truth depends upon a variety of factors readily apparent only to a trial court, and we must depend heavily upon its judgment. *Anderson*, 859 P.2d at 87.

We find that the district court did not abuse its discretion in refusing to allow Lyden to present expert testimony. The proposed expert testimony involved matters that the average juror could understand. The safety of stairs, including handrails and headroom, is not so beyond an average per-

son's experience and understanding that expert testimony is required to explain it. The district court reasonably concluded that the testimony should not be allowed, and no abuse of discretion occurred.

### *CONCLUSION*

It was harmless error for the district court to base its summary judgment ruling upon the law of the case doctrine, as no genuine issues of material fact existed regarding Lyden's agency/joint enterprise claim and violations of building code claim; as a matter of law, Winer was entitled to summary judgment as to those claims. Finally, the district court did not abuse its discretion when it refused to allow Lyden to present expert testimony regarding safety of the stairs, as this issue was fully within the knowledge and understanding of the average juror, and thus was not necessary to assist the trier of fact.

Affirmed.

Respondents' petitions for review GRANT-
ED.