Brigitte DAVIS, acting as the Personal Representative of the Estate of John Evan Jones, deceased, and on behalf of Andrew Evan Jones and Merranda Deann Jones, Minors, by and through Brigitte Davis, their natural mother and Guardian ad Litem; and on behalf of Roger Jones, Joann Jones, Earl Joe Jones and Justin Andrew Jones, Appellants (Plaintiffs),

v.

BLACK HILLS TRUCKING, INC., a Wyoming Corporation, Appellee (Defendant).

No. 95–287.

Supreme Court of Wyoming.

Dec. 20, 1996.

Walter Urbigkit of Frontier Law Center, Cheyenne, for Appellants.

Richard E. Day of Williams, Porter, Day & Neville, P.C., Casper; and Manuel Lojo of Black Hills Trucking, Inc., Casper, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN,* and LEHMAN, JJ.

TAYLOR, Chief Justice.

Appellant, the personal representative for the family of John Jones, appeals the grant of summary judgment in favor of appellee, Black Hills Trucking, Inc. (Black Hills). Appellant claimed Black Hills negligently disassembled, delivered and reassembled a drilling rig, thus proximately causing the accidental death of Mr. Jones. The district court granted summary judgment finding that Black Hills owed no duty to Mr. Jones. The district court further found that appellant failed to establish the element of proximate causation. We affirm the district court's conclusion that no duty existed, and therefore do not reach the issue of causation.

## I. ISSUES

Appellant articulates the issues as follows:

    I.A   Did the District Court err in granting Summary Judgment for Defendant Trucking Company which contracted to tear down, move and rig up a drilling rig, finding that it owed no duty to the drilling company employee who died when a piece of the flooring gave way which had been assembled by the trucking company em-

---

* Chief Justice at time of oral argument.

ployees using the trucking company's crane to place the piece of floor in such a manner that it could not be bolted down?

I.B Did the District Court err in granting Summary Judgment holding that the intervening negligence of the drilling company's employees in not bolting down the floor plate after it was discovered was unforeseeable so as to absolve the trucking company which created the condition from the effects of its negligence?

Black Hills presents the following issues:

1. Did the District Court err in finding that Appellants failed to establish that Black Hills had a duty to bolt the drawworks floor plate securely to the rig structure or to insure that the drawworks floor plate had been securely bolted to the rig structure?

In the event this Court should find that Black Hills had such a duty and breached that duty, then the next issue presented for review is:

2. Assuming Black Hills had a duty to secure the drawworks floor into place or to insure that it was done and that it breached that duty, was that breach the proximate cause of the accident in light of the intervening negligence of the drilling company's employees in not bolting down the drawworks floor plate after that situation had been discovered?

## II. FACTS

The operative facts are undisputed. Between November 1 and 6, 1991, approximately three weeks before the accident, True Drilling Company (True Drilling) engaged Black Hills to rig-down Rig No. 23, move the rig five miles, and rig-up at a new location. The procedure entailed the cooperative effort of True Drilling employees and Black Hills employees. True Drilling employees were responsible for preparing the rig for transport, including unbolting the large pieces of the rig. Black Hills supplied cranes, trucks and equipment operators. A Black Hills employee directed the crane operators while True Drilling employees attached the pieces of the rig to the crane and loaded the trucks for transport. Upon arriving at the new site,

the duties of the employees remained the same, but the process was reversed.

Shortly after the rig became operational, two of True Drilling's employees discovered that a floor plate, which had been bolted down at the previous location, was not secured when Rig No. 23 was reassembled. When the employees attempted to replace the bolts, they found that the holes in the floor plate were not aligned with the bolt holes on the supporting structure. Due to the weight of the floor plate, they were unable to move it so that the holes were in alignment. They took no further action at that time.

On November 29, 1991, John Jones fell to his death while working on Rig No. 23. Although no one witnessed the accident, an investigation indicated that the unsecured floor plate on the rig slid back and tilted open, allowing Mr. Jones to fall through the opening. After the investigation of the accident was completed, True Drilling employees belatedly bolted the floor plate in place.

Appellant, as personal representative for the Jones family, filed a wrongful death claim against Black Hills. On November 4, 1992, the district court granted appellant's motion to amend the complaint to add Tony Russell, the True Drilling toolpusher, as a defendant. The claims against Mr. Russell were dismissed on August 24, 1993.

Black Hills filed a motion for summary judgment which the district court granted on October 12, 1995. The district court found that the evidence failed to establish that Black Hills had a duty to bolt down the floor plate or inspect the rig to ensure that the pieces were properly secured. The district court separately found that the element of proximate cause was not established. On appeal, we do not reach the district court's second finding, as appellant failed to establish a duty.

## III. DISCUSSION

### A. STANDARD OF REVIEW

As we have often stated, summary judgment is appropriate only when no genuine issue as to any material fact exists and the prevailing party is entitled to judgment as a

matter of law. *Kahrs v. Board of Trustees for Platte County School Dist. No. 1,* 901 P.2d 404, 406 (Wyo.1995). We evaluate the propriety of summary judgment with the same standards and materials used by the district court, affording no deference to the district court's decision on the issues of law. *Adkins v. Lawson,* 892 P.2d 128, 130 (Wyo. 1995). Our examination of the record is from the vantage point most favorable to the non-moving party, allowing all reasonable inference which may be fairly drawn from the record. *Jack v. Enterprise Rent–A–Car Co. of Los Angeles,* 899 P.2d 891, 893 (Wyo.1995). Even so, general allegations and conclusory statements are not sufficient to defeat summary judgment. *Board of County Com'rs of County of Laramie v. Laramie County School Dist. Number One,* 884 P.2d 946, 956 (Wyo.1994) (*quoting Jones Land and Livestock Co. v. Federal Land Bank of Omaha,* 733 P.2d 258, 263 (Wyo.1987)).

### B. ANALYSIS

■■■ The dispositive issue is whether Black Hills owed a duty to confirm the replacement of the bolts in the rig floor at the time of reassembly. To establish a claim of negligence, the plaintiff must prove the defendant breached a duty owed to the plaintiff which proximately caused injuries to the plaintiff. *Downen v. Sinclair Oil Corp.,* 887 P.2d 515, 520 (Wyo.1994); *Dubray v. Howshar,* 884 P.2d 23, 25 (Wyo.1994). We decide the existence of a duty as a matter of law; if a duty has not been established, there is no actionable negligence. *Thomas By and Through Thomas v. South Cheyenne Water and Sewer Dist.,* 702 P.2d 1303, 1307 (Wyo. 1985).

Appellant does not contest that True Drilling employees were responsible for the removal and replacement of the bolts in the floor plate. Instead, appellant argues that Black Hills breached its duty because the Black Hills truck pusher stood ten to twenty feet from where the floor plate was placed and directed the Black Hills crane operators by hand signals, yet the floor plate was not properly placed so that the holes were in proper alignment. We find that these allega-tions are insufficient to establish a duty owed by Black Hills.

While Black Hills employees operated and directed the cranes, True Drilling employees were the persons who actually guided the floor plate into place. Black Hills was not hired to conduct any inspection of the rig after reassembly was complete; again, that duty fell to True Drilling's toolpusher and rig hands. Therefore, Black Hills had no duty to secure the bolts or to determine whether True Drilling had done so.

The district court found that the contention regarding the improper alignment of the floor plate was simply a "red herring." We agree. Although shortly after the rig became operational, two rig hands were unable to align the bolt holes—this fact is not material. It is undisputed that after the accident investigation, True Drilling employees bolted the floor plate in a short time without difficulty. True Drilling clearly did not require the assistance of Black Hills to secure the floor plate, and therefore these contentions are irrelevant to Black Hills' responsibility here.

### IV. CONCLUSION

The only issue in this case is whether Black Hills owed a duty to ensure that the floor plate was bolted to its supporting structure when the rig was reassembled. There is nothing in the record which demonstrates that Black Hills had any responsibility for that aspect of the rig reassembly. Therefore, we affirm summary judgment in favor of Black Hills.