**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JEANNIE L. LANE,

      Plaintiff-Appellee,

      v.

WAL-MART STORES, INC., a
Delaware corporation, acting by and
through its officers, agents, employees
and/or representatives,

      Defendant-Appellant.

and

JEANNIE L. LANE,

      Plaintiff-Appellant,

      v.

WAL-MART STORES, INC., a
Delaware corporation, acting by and
through its officers, agents, employees
and/or representatives,

      Defendant-Appellee.

No. 97-8121
(D.C. No. 96-CV-1053)
(D. Wyo.)

No. 97-8124
(D.C. No. 96-CV-1053)
(D. Wyo.)

**ORDER AND JUDGMENT**[*]

---

    [*]  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court

(continued...)

Before **EBEL**, **BRISCOE**, and **LUCERO**, Circuit Judges.

Defendant Wal-Mart Stores, Inc., appeals a jury verdict in favor of plaintiff Jeannie Lane on her negligence claim arising out of injuries she suffered while employed by Wal-Mart. Lane cross-appeals, challenging the district court's decision to allow Wal-Mart a set-off against the verdict for amounts paid to Lane by a privately-funded workers compensation program. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

Lane was injured in early December 1992 when she fell from a fifteen-foot ladder while stocking merchandise at a Wal-Mart store in Gillette, Wyoming. She suffered additional injuries on December 15, 1992, when she fell from an eight-foot ladder while attempting to retrieve merchandise from a shelf at the same store. Lane filed this diversity action on October 1, 1996, asserting negligence and breach of contract claims and seeking actual and punitive damages. Lane abandoned her breach of contract claim before trial. The issue of punitive damages did not reach the jury. As regards her negligence claims, a jury found Wal-Mart was ninety-five percent at fault and Lane was five percent at fault. The

*(...continued)
generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

jury found Lane suffered total economic damages of $360,684.80. The district court reduced the damage award by the five percent fault the jury found attributable to Lane and by $60,000.70 for payments made under a privately-funded workers compensation program. Judgment was entered in favor of Lane in the amount of $282,649.86.

## II.

<u>Wal-Mart's Appeal</u>

**Exclusion of evidence of workers compensation payments**

Wal-Mart contends the district court should not have applied Wyo. Stat. Ann. § 1-1-108 to prevent admission of evidence that most of Lane's medical bills and a portion of her lost wages had already been paid. We review a decision to exclude evidence for abuse of discretion. <u>Cartier v. Jackson</u>, 59 F.3d 1046, 1048 (10th Cir. 1995). In conducting this review, we "will not disturb the determination absent a distinct showing it was based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment." <u>Id.</u> Even if there was error in the exclusion of evidence, we will set aside a jury verdict only if the error prejudicially affected a substantial right. <u>See</u> <u>Polys v. Trans-Colorado Airlines, Inc.</u>, 941 F.2d 1404, 1407 (10th Cir. 1991).

Wal-Mart does not contribute to the state workers compensation fund. Instead, it provides no-fault workers compensation coverage to its employees

through a wholly-owned subsidiary, Claims Management, Inc. Lane filed a motion in limine prior to trial asking the district court to exclude all evidence of benefit payments made to her by Claims Management, pursuant to Wyo. Stat. Ann. § 1-1-108 [1] and/or the collateral source rule. The court granted Lane's motion, concluding the evidence was inadmissible under § 1-1-108. Wal-Mart argues the excluded evidence was necessary to respond to Lane's alleged attempts to portray Wal-Mart as an "uncaring" corporation that refused to accept responsibility for injuries suffered by its employees. In this regard, Wal-Mart cites Lane's closing argument, in which counsel asked the jury to "send a message to the corporate community . . . that they should accept responsibility for injuries that they've caused their employees." App. at 305. Wal-Mart also cites Lane's rebuttal closing argument where counsel argued his client's future opportunities were limited because of a "corporate citizen who does not care." Id. at 312.

After reviewing the record on appeal, we find it unnecessary to determine

---

[1] The statute provides:

No voluntary partial payment of a claim based on alleged liability for injury or property damage shall be construed as an admission of fault or liability, or as a waiver or release of claim by the person receiving payment. Such payment is not admissible as evidence in any action for the purpose of determining the amount of any judgment, with respect to the parties to the occurrence from which the claim arose. . . . After entry of judgment, any such payment shall be treated as a credit and deducted from the amount of the judgment. . . . No voluntary partial payments shall be construed to reduce the amount of damages which may be pleaded and proved in a court proceeding between the parties.

-4-

whether the district court correctly construed § 1-1-108. Even assuming the court misconstrued the statute and improperly excluded the evidence, the resulting error was harmless. The evidence at issue was irrelevant to any of the issues posed to the jury (i.e., allocation of fault and calculation of total economic damages suffered). Although Wal-Mart maintains the evidence was necessary to respond to Lane's characterization of Wal-Mart as an "uncaring" corporation, the jury was not asked to determine that issue. Indeed, the court specifically instructed the jury that, "[i]n fixing the amount of [the damage] award," it was not allowed to "include in, or add to an otherwise just award, any sum for the purpose of punishing Wal-Mart, or to serve as an example or warning for others." Suppl. App. at 371. Even if the evidence had been admitted, it would not have affected the verdict. We specifically note in this regard that Wal-Mart does not challenge the amount of the jury's damage award. Further, when Lane's counsel made the arguments Wal-Mart now challenges, Wal-Mart's counsel did not object. By failing to object, Wal-Mart waived any argument it may have had concerning the statements made by Lane's counsel in closing argument. See Glenn v. Cessna Aircraft Co., 32 F.3d 1462, 1465 (10th Cir. 1994) ("A party who waits until the jury returns an unfavorable verdict to complain about improper comments during . . . closing arguments is bound by that risky decision and should not be granted relief.").

**Jury instructions**

Wal-Mart contends instruction No. 17 was not supported by the evidence and was an erroneous statement of the law when read in conjunction with the other instructions, and that the instruction improperly emphasized Lane's theory of the case. The instruction provided:

> The plaintiff's supervisors owed a duty to plaintiff to perform those duties entrusted to them by their employer. As supervisors, those duties included the requirement of performing such reasonable inspection and repair of the workplace, including inspection and repair of any equipment utilized at the workplace, and taking such preventive steps as would be necessary and reasonable under the circumstances.

Suppl. App. at 363. Wal-Mart argued the instruction was "duplicative . . . of [instruction] 16 to a certain extent," "unnecessary," and "not supported by the evidence." Id. at 291-92. Wal-Mart contends the instruction was not supported by the evidence presented at trial and not a correct statement of the law.

We review de novo whether the district court's instructions, considered as a whole, properly stated the applicable law and focused the jury on the relevant inquiry. Thomas v. Denny's, Inc., 111 F.3d 1506, 1509 (10th Cir.), cert. denied 118 S. Ct. 626 (1997). An instruction should not be given if it is not supported by the evidence at trial. FDIC v. Clark, 978 F.2d 1541, 1550 (10th Cir. 1992). We will reverse for a faulty jury instruction if we have "substantial doubt whether the instructions, considered as a whole, properly guided the jury in its deliberations."

-6-

<u>Mason v. Oklahoma Turnpike Auth.</u>, 115 F.3d 1442, 1454 (10th Cir. 1997).

At the outset, we are not convinced Wal-Mart's initial argument that instruction No. 17 is contrary to Wyoming law was raised at trial. Wal-Mart objected only on the basis that the instruction was "duplicative," "unnecessary," and "not supported by the evidence." Even assuming Wal-Mart properly preserved the issue, we conclude the instruction, when considered with the other instructions given, properly comported with Wyoming law. Wal-Mart acknowledges, as set forth in instruction No. 16, that Wyoming law requires an employer "to provide its employees with a reasonably safe place to work," and "must exercise the care and skill that a person of ordinary prudence would observe under the circumstances in furnishing employees with reasonably safe equipment." Suppl. App. at 362; <u>see</u> <u>Case v. Goss</u>, 776 P.2d 188, 192 (Wyo. 1989) (employer "is emburdened with the duty to provide his workers with a reasonably safe place to work"); <u>Engen v. Rambler Copper and Platinum Co.</u>, 121 P. 867, 874 (1912) (it is master's duty to furnish employees with reasonably safe machinery, appliances, tools, and a place to work, and to keep the same in reasonable safe repair). Wal-Mart further acknowledges, as set forth in instruction No. 3, that "it may act only through natural persons as its agents or employees." Suppl. App. at 346; <u>see generally</u> <u>Case</u>, 776 P.2d at 192 ("the realities of modern industry dictate that many of the legal duties owed by the

-7-

employer to his employees are in fact delegated by the employer to subordinate supervisory personnel"). Thus, the question of which Wal-Mart employee(s) bore the burden of ensuring the safety of the workplace (including repair of broken ladders) depended upon evidence presented at trial. See id. (in determining existence and nature of duties owed by supervisory personnel to other employees, court must examine evidence, including arrangements between employer and supervisory personnel). Presumably, the district court concluded the evidence was sufficient to demonstrate that Wal-Mart's supervisory employees bore this burden.

We also reject Wal-Mart's remaining argument that instruction No. 17 was not supported by the evidence. Under Wal-Mart's preventive maintenance program, "all employees [including supervisory employees] were [expressly] directed to look for ways to prevent accidents and use common sense in eliminating hazards." App. at 140. More importantly, the evidence overwhelmingly indicated management was well aware of the poor condition of the ladders but failed to take any action to repair or replace them. Three Wal-Mart employees testified that during store meetings (which occurred at least weekly, and often daily), employees routinely complained to the store manager and assistant managers about the poor condition of the ladders, but that management responded it did not have money in the store budget to correct the

problem. Another employee testified the store's safety committee notified store management about the poor condition of the ladders. According to employee Amy Bartow, the ladders "were a big issue" in the three years she had worked at the store, but "nothing ever happened" and employees had no choice but to use the damaged ladders. Id. at 451.

**Testimony of Dr. Painter**

In a convoluted argument, Wal-Mart contends the district court erred in allowing Lane "to improperly utilize duplicative designations of expert witnesses in violation of" the court's Local Rule 26(h) (now incorporated as Local Rule 26(e)(1)), Wal-Mart's Br. at 14, which governs discovery of expert testimony and provides that "parties are limited to the designation of one expert witness to testify for each particular field of expertise." Id. at 34. We review the district court's application of its local rules for abuse of discretion. See Hernandez v. George, 793 F.2d 264, 269 (10th Cir. 1986).

To understand Wal-Mart's argument, it is necessary to review the background of the designation of Dr. Rebecca Painter as an expert witness. Lane timely filed her designation of expert witnesses approximately four months prior to trial. The designation listed four expert medical witnesses: (1) Dr. Painter, an internist who treated Lane; (2) Dr. David Healow, an expert in pain management

-9-

who treated Lane; (3) Dr. Joel Berenbeim, a doctor of osteopathy who treated Lane; and (4) Dr. Raisa Gringauz, a physiatrist who was board certified in the field of physical medicine and rehabilitation, and who treated Lane. The designation described the witnesses' probable testimony. With respect to Drs. Painter, Healow, and Berenbeim, the designation further indicated each would "address, discuss and critique the findings and conclusions offered by other experts and physicians involved in this case." Id. at 21, 22, 23.

Wal-Mart filed no objection to Lane's designation, but relied on the designation in determining depositions prior to trial. Counsel for Wal-Mart allegedly contacted counsel for Lane and asked if he intended to call Drs. Healow, Berenbeim, and Gringauz as witnesses at trial. Lane's counsel indicated he would probably call Dr. Healow. With respect to Dr. Painter, Wal-Mart assumed she would be called as a witness, but that she would only testify "in accordance with her records regarding her role as a treating physician of Lane." Wal-Mart's Op. Br. at 35. Notwithstanding its assumption that Dr. Painter would testify at trial, Wal-Mart chose not to depose her. Lane's counsel asserts Wal-Mart chose not to depose Dr. Painter because it did not want to pay her deposition fee of $500 per hour.

Wal-Mart filed a motion in limine on the eve of trial, arguing although Lane's designation indicated Dr. Painter would "'address, discuss and critique the

-10-

findings and conclusions'" of other medical experts, her "testimony should be limited to her role as a treating physician." App. at 45. Wal-Mart offered no basis for its argument and did not cite Local Rule 26(h). The district court rejected Wal-Mart's motion in limine at trial, concluding Lane's designation was "reasonably specific," and that Dr. Painter's testimony would be limited to the scope of the designation. Wal-Mart filed a motion for judgment as a matter of law after trial, arguing in part that Dr. Painter's testimony should have been limited. The court rejected the motion, concluding Wal-Mart "was sufficiently notified of the nature of Dr. Painter's testimony," and was "not prejudiced as a result of the Court's decision to allow her to testify regarding the opinions of other experts." Id. at 96.

We find no merit to Wal-Mart's arguments. Wal-Mart made a tactical decision not to depose Dr. Painter even though it assumed she would be called as a witness. Wal-Mart attempted at the last minute to limit the scope of Dr. Painter's trial testimony, without any basis in law or fact. We find no abuse of discretion in allowing Lane to introduce the testimony of Dr. Painter, all of which fell within the scope of the topics outlined in Lane's designation.

**Frivolous appeal sanctions**

Lane contends Wal-Mart's appeal is frivolous and that we should remand the case "to the district court for determination of sanctions," pursuant to Fed. R.

App. P. 38. Lane's Op. Br. at 41. Because Lane's request is contained in an appellate brief rather than in a "separately filed motion" as required by Rule 38, we have no power to act. As the Advisory Committee Notes to Rule 38 indicate: "Only a motion, the purpose of which is to request sanctions, is sufficient" to provide an opposing party with notice of a request for sanctions. Alternatively, the court itself may give notice to an appellant that it is considering sanctions and allow appellant an opportunity to respond.

III.

Lane's Cross-Appeal

**Setoff of amounts paid by Claims Management**

Lane contends the district court erred in allowing Wal-Mart a set-off, pursuant to Wyo. Stat. Ann. § 1-1-108, for the amounts paid to her by Claims Management. According to Lane, Wal-Mart should have been judicially estopped from obtaining the set-off because of its prior assertions during the litigation that Claims Management was a "separate corporation" and there was "no contractual relationship" between Claims Management and Wal-Mart. Lane's Op. Br. at 42. Given these assertions, Lane argues the collateral source rule should operate to bar Wal-Mart from benefitting from payments made by a third party.

We conclude the doctrine of invited error precludes Lane from challenging the district court's set-off decision. "Under the doctrine of invited error, if a

-12-

party induces action by a court, the party cannot argue error because the court took such action." Engle v. State, 821 P.2d 1285, 1287 (Wyo. 1991); see also Schott v. State, 864 P.2d 38, 39 (Wyo. 1993) ("the principle of 'invited error' is that if, during the progress of a cause, a party requests or moves the court to make a ruling which is actually erroneous, and the court does so, that party cannot take advantage of the error on appeal or review"). Here, Lane herself requested, pursuant to a pretrial motion in limine, that the district court apply § 1-1-108. As previously noted, the court granted Lane's motion and precluded Wal-Mart from introducing evidence of payments made by Claims Management. Under the law of the case doctrine, see Lyden v. Winer, 913 P.2d 451, 454 (Wyo. 1996), the court also applied § 1-1-108 after the verdict to allow Wal-Mart a set-off for payments made by Claims Management. Because application of § 1-1-108 was the result of Lane's motion, she is in no position to now challenge that decision on appeal.

Even assuming Lane could properly challenge the set-off decision, there is no merit to her "judicial estoppel" argument. Under Wyoming law, [2] the doctrine

---

[2] Although there is disagreement concerning whether in a diversity case the doctrine of judicial estoppel is controlled by federal or state law, see, e.g., Helfand v. Gerson, 105 F.3d 530, 534 (9th Cir. 1997) (federal law controls); Original Appalachian Artworks, Inc. v. S. Diamond Assoc., Inc., 44 F.3d 925, 930 (11th Cir. 1995) (state law controls), we have consistently applied state law in such situations. See Tri-State Generation & Trans. Assoc., Inc. v. Shoshone
(continued...)

of judicial estoppel "precludes a party from asserting inconsistent positions in *different* judicial proceedings." Ottema v. State ex rel. , 968 P.2d 41, 45 (Wyo. 1998).  The inconsistent positions allegedly taken by Wal-Mart were during the course of a single judicial proceeding.  Thus, the doctrine did not apply and did not prevent Wal-Mart from arguing it was aligned with Claims Management for purposes of receiving a set-off.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

²(...continued)
River Power, Inc. , 874 F.2d 1346, 1363 (10th Cir. 1989);  Ellis v. Arkansas Louisiana Gas Co. , 609 F.2d 436, 440-41 (10th Cir. 1979);  Reno v. Beckett , 555 F.2d 757, 770 (10th Cir. 1977).  Accordingly, we apply Wyoming law in this case.