Patrick C. ROBERTS, Appellant
(Plaintiff),

v.

J. Keith KLINKOSH, Appellee
(Defendant).

No. 98–179.

Supreme Court of Wyoming.

July 27, 1999.

Representing Appellant: Hardy H. Tate, Sheridan, Wyoming; Fredric A. Bremseth and Thomas W. Geng of Doshan & Bremseth, Wayzata, Minnesota.

Representing Appellee: Jay A. Gilbertz of Yonkee & Toner, Sheridan, Wyoming.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

GOLDEN, Justice.

A social guest of landlord's tenant was bitten and seriously injured by another tenant's pit bull dog, and the guest sued landlord for damages. The landlord, Appellee J. Keith Klinkosh (Klinkosh), was granted summary judgment when the district court determined that he owed no duty to the guest, Appellant Patrick C. Roberts (Roberts). Roberts appealed, presenting this Court with the primary issue of whether any facts exist which would impose a duty on a landlord who allowed a tenant to keep a pit bull dog that bit and seriously injured another tenant's guest.

In general, Wyoming does not impose a duty of reasonable care upon landlords, although it has recognized several exceptions to the general rule of landlord immunity. In this particular case, the landlord did not have any knowledge of this dog's dangerous propensities, the attack did not occur in an area under the landlord's control, and we hold that knowledge of a breed's dangerous propensities will not impose a duty of reasonable care upon a landlord unless the landlord had the ability to eliminate the danger by having the animal removed or confined. The grant of summary judgment is affirmed.

### ISSUES

Roberts presents these issues for review:

1. Whether the District Court erred in finding that there is insufficient evidence of record from which a jury could reasonably conclude that Appellee Klinkosh knew of the pit bull's propensity for violent behavior?

2. Whether the District Court erred in concluding as a matter of law that a landlord cannot have a greater duty of care than the keeper or possessor of an animal?

Klinkosh rephrases the issues as:

A. Under what circumstances must a landlord protect third parties from an attack by a dog kept by a tenant.

B. Was there a genuine issue of material fact regarding the landlord's knowledge of the violent propensities of the dog kept by his tenant.

* retired November 8, 1998

## FACTS

Klinkosh owned an apartment building containing four units. Although he occupied one, Klinkosh worked in Montana and was away from the apartment a great deal. He rented the other three units under verbal agreements that did not prohibit pets of any kind. Each unit of the building had a separate entrance that opened to a step serving only that apartment. A sidewalk ran the entire length in between the front of the building and a graveled parking lot. One of Klinkosh's tenants, Rocky Maronik, lived in an end unit. He acquired a pit bull dog that was kept chained on the side of the building with enough length to allow it on the grounds of the apartment building. Although the exact length of the chain was disputed, the dog was able to sit on Maronick's front step and go on to the sidewalk in front of Maronick's apartment. The chain was attached to at least one tire and rim, and sometimes the dog would drag the tire to the parking lot area. The dog attacked and bit a child sometime before the attack on Roberts; however, there is no evidence that Klinkosh knew of this attack. Klinkosh testified that he had made a point of observing the dog when he was home and never saw it act aggressively, growl, or even bark. He testified that, after the attack, he learned that the dog had lunged at passersby, but before the attack he had one complaint from another tenant that the dog had growled at her and frightened her.

Roberts was a guest of another tenant. Over a seven week period, he also observed that the dog did not bark or act aggressively towards him, and he petted the dog on approximately twenty-five occasions. On September 28, 1995, he noticed that the dog was entangled in the chain and approached it to assist it. The dog attacked him and seriously injured him. He brought suit against Maronick and Klinkosh under negligence and strict liability theories.

Klinkosh moved for summary judgment alleging that the attack occurred on the step of Maronick's apartment and that the separate entrances of the apartments were not under his control as landlord. He contended that he had no knowledge that the dog had attacked anyone else and that he had personally observed the dog and did not see any threatening behavior. Based on these facts, he argued that he did not owe Roberts a duty of care because, in Wyoming, landlords do not owe a duty to a tenant's guest when the harm does not occur in an area under the landlord's control. He also contended that any arguable duty of care had not been breached or was not the proximate cause of the injuries. Maronick also moved for summary judgment.

Roberts opposed the motions. The district court found insufficient evidence existed to show that Klinkosh knew of the pit bull's propensity for violent behavior and concluded that a landlord does not owe duty of care when he does not know of violent propensities. The court granted Klinkosh's motion for summary judgment, denied Maronick's, and entered a Rule 54(b) certification allowing Roberts to appeal the grant of summary judgment to Klinkosh.

## DISCUSSION

*Standard of Review*

Summary judgment will be sustained only if there is no genuine issue of material fact and the prevailing party is entitled to judgment as a matter of law. *Lyden v. Winer,* 878 P.2d 516, 518 (Wyo.1994). A material fact is one that establishes or refutes an essential element of a cause of action or a defense asserted by a party. *Id.* If the moving party presents supporting summary judgment materials demonstrating no genuine issue of material fact exists, the burden is shifted to the non-moving party to present appropriate supporting materials posing a genuine issue of a material fact for trial. *Downen v. Sinclair Oil Corp.,* 887 P.2d 515, 519 (Wyo.1994). On appeal, this court examines the entire record in the light most favorable to the party who opposed the motion, affording to that party all favorable inferences which may be drawn from the materials either supporting or opposing the motion. *Lyden,* 878 P.2d at 518. If a dispute exists over a material fact which leads to conflicting interpretations or if reasonable minds might differ, then summary judgment is improper.

*Id.* Summary judgment serves the purpose of eliminating formal trials where only questions of law are involved. *Blagrove v. JB Mechanical, Inc.*, 934 P.2d 1273, 1275 (Wyo. 1997). We review a grant of summary judgment deciding a question of law *de novo* and afford no deference to the district court's ruling. *Id.*

### Landlord Liability

■ In order to state a claim in negligence, the plaintiff must prove the defendant was under a duty of care to protect the plaintiff from injury; the defendant breached that duty; the plaintiff suffered actual injury or loss; and the defendant's breach of the duty proximately caused the injury or loss. *Downen*, 887 P.2d at 520. The dispositive issue in this case is whether any facts exist which would impose a duty of care upon Klinkosh to protect Roberts from a foreseeable risk of injury.

■ In this appeal, Roberts contends that the dog was kept near a common area; argues that there was a genuine issue of material fact that Klinkosh knew the dog was dangerous; and asserts that Klinkosh's admission that he knew this breed of dog was dangerous is sufficient to impose a duty. Klinkosh contends that a duty should be owed when a two prong test is met: 1) the injury occurred in a common area under the control of the landlord; and 2) the landlord must have had actual knowledge of the particular dog's vicious propensities. We decide the existence of a duty as a matter of law; if a duty has not been established, there is no actionable negligence. *Davis v. Black Hills Trucking, Inc.*, 929 P.2d 532, 534 (Wyo.1996); *Thomas v. South Cheyenne Water and Sewer Dist.*, 702 P.2d 1303, 1307 (Wyo.1985).

■ Wyoming follows the common law rules in landlord and tenant relationships. *Ortega v. Flaim*, 902 P.2d 199, 202 (Wyo. 1995). Under those rules, a landlord owes no greater duty to a tenant's guests than the landlord owes to the tenant himself. *Id.* Generally, that duty is nonexistent because landlords enjoy immunity from tort liability. *Id.* When part of the premises is retained under the landlord's control and the tenant is permitted to use it, a duty of reasonable care is imposed on the landlord. *Lyden*, 878 P.2d at 518. The general rule for imposing this duty is:

> [W]here the owner of the premises leases parts thereof to different tenants, and expressly or impliedly reserves other parts thereof, such as entrances, halls, stairways, porches, walks, etc., for the common use of different tenants, it is his duty to exercise reasonable care to keep safe such parts of which he so reserves control, and if he is negligent in this regard, and a personal injury results by reason thereof to a tenant or to a person there in the right of the tenant, he is liable, provided that the injury occurs while such part of the premises is being used in the manner intended.

*Id.* Whether a landlord has retained control over a portion of the leased premises is a question of fact, and this question or the inferences to be drawn from a fact or facts will not be decided upon summary judgment unless reasonable minds could not differ. *Id.* at 519. "To show control in the landlord there must be evidence from which the trier of fact can infer that the tenant surrendered his right to exclusive possession and control." *Id.* (quoting *Erhardt v. Lowe*, 596 S.W.2d 489, 491 (Mo.App.1980)).

■ In this case, Roberts' deposition established that the dog was on the step of Maronick's apartment when it attacked and bit him. He does not contest that the step is property possessed by Maronick and does not claim that the step is under the control of the landlord; rather, he contends that the dog's proximity to the common areas and the dog's occasional roaming of the common areas warrant imposition of a duty. These facts do not represent evidence showing that the tenant surrendered his right to exclusive possession and control and, therefore, do not suffice to impose a duty on the landlord.

■ Roberts contends that Klinkosh owed a duty of care because he knew that breed of dog had dangerous propensities; he knew that the dog had growled at another tenant; and it is not credible that Klinkosh was unaware that the dog had lunged at other passersby. Under common law rules, landlords are generally not to be held re-

sponsible for activities which the tenant carries on upon the land after transfer of possession, even when they create a nuisance. *Clauson v. Kempffer,* 477 N.W.2d 257, 259 (S.D.1991). Assuming that an exception could be based upon a landlord's knowledge of a particular vicious animal, the facts of this case do not show that this landlord did have any knowledge that the dog was vicious.

This Court has previously addressed when knowledge of a dog's dangerous propensities will result in negligence liability and has held that a dog owner without knowledge of the dog's dangerous propensities has no duty to a plaintiff injured by the dog and the dog owner is entitled to judgment as a matter of law. *Williams v. Johnson,* 781 P.2d 922, 923 (Wyo.1989). Under our summary judgment standards, once Klinkosh showed that he did not know the dog had lunged at other people, Roberts was required to come forward with evidence that Klinkosh did know of the dog's aggressiveness towards others. *Downen,* 887 P.2d at 519. Roberts did prove that Klinkosh knew the dog had growled at one person, but did not provide any evidence, as was his burden, that Klinkosh had any other knowledge. Roberts makes no argument that growling behavior is sufficient to put anyone on notice that a particular animal is dangerous. Although this state's animals-running-at large statute, Wyo. Stat. Ann. § 11–31–301(e) (LEXIS 1999), states "[p]roof of the fact that the dog has bitten or attacked any person at any place ... is evidence that the dog is vicious within the meaning of this section," it is silent about a dog's growling behavior as evidence of dangerous propensities. We find that in this case knowledge that the dog had growled at a person is insufficient to infer knowledge of the dog's dangerous propensities. Under *Williams,* the dog owner would not be liable under these circumstances, and, accordingly, the landlord should not be found to owe a duty to third parties. *See Krier v. Safeway Stores 46, Inc.,* 943 P.2d 405, 415 (Wyo.1997). Because the landlord did not know that the dog was behaving dangerously, we will not address whether landlord immunity should be abrogated when a landlord does have that knowledge.

Klinkosh did testify that he was aware that pit bulls were a dangerous breed. Roberts contends this knowledge was sufficient to impose a duty upon him as landlord to protect him and others from the potential dangers presented by a pit bull. This Court has previously refused to abrogate the common law rule that a landlord owes no duty to the tenant or the tenant's guests for dangerous or defective conditions of the premises. *Ortega,* 902 P.2d at 204. Those decisions from other jurisdictions which do impose a duty upon a landlord are limited to instances where a landlord had actual knowledge of the dog's dangerous propensities, had retained control of the premises, or, because of a lease provision, had an ability to eliminate a danger by having the animal removed or confined. *Matthews v. Amberwood Assoc. Ltd.,* 351 Md. 544, 719 A.2d 119, 127 (1998). None of those conditions exist here, and we find no basis exists to consider abrogating the common law of landlord immunity regarding a dangerous breed of dog.

We affirm the grant of summary judgment.